ANTONETTE FASCIONE *vs.* CNA INSURANCE COMPANIES.

Essex. May 11, 2001. - September 6, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Insurance,* Motor vehicle insurance, Motor vehicle personal injury protection benefits, Unfair act or practice. *Practice, Civil,* Attorney's fees, Costs. *Statute,* Construction. *Consumer Protection Act,* Insurance. *Words,* "Due and payable."

An insurer was not liable under G. L. c. 90, § 34M, to an insured for interest, costs, and reasonable attorney's fees when the insurer paid the insured's personal injury protection benefits in full, but did so after the statutory thirty-day deadline and after the insured commenced an action under § 34M to recover such benefits. [90-96]

CIVIL ACTION commenced in the Lawrence Division of the District Court Department on June 24, 1996.

On removal to the Superior Court Department on December 15, 1997, the case was heard by *Howard J. Whitehead,* J., on motions for summary judgment; a motion for assessment of attorney's fees and costs was heard by *Allan van Gestel,* J.; and a corrected final judgment was ordered by *Nancy Merrick,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*John P. Graceffa* (*Richard W. Jensen* with him) for the defendant.

*Francis A. Gaimari* for the plaintiff.

COWIN, J. This appeal presents a question of statutory interpretation: whether, under G. L. c. 90, § 34M, an insurer is liable to an insured for interest, costs, and reasonable attorney's fees when the insurer pays the insured's personal injury protection benefits in full, but does so after the thirty-day deadline and after the insured files a complaint to recover such benefits. We conclude that the insurer is not so liable.

1. *Background.* Antonette Fascione sustained injuries during

an automobile accident and, as a result, incurred medical expenses. At the time of the accident, she had been driving a motor vehicle insured by CNA Insurance Companies (CNA), doing business as American Casualty Company. Her insurance policy included personal injury protection (PIP) benefits as required by G. L. c. 90, § 34M.

Pursuant to G. L. c. 90, § 34M, Fascione submitted a claim for PIP benefits to CNA in March, 1995, requesting payment of her medical expenses. CNA paid some or all of these expenses, none of which is at issue here. Fascione mailed a request for payment of additional medical bills in January, 1996. In March, 1996, she again submitted a request for payment of the January, 1996, bills as well as a request for payment of new medical bills. CNA sent a check in the amount of $720 to Fascione in May, 1996, which covered the cost of those bills submitted for the first time in March, 1996. CNA believed, incorrectly, that this satisfied the full amount of Fascione's PIP benefits.

In June, 1996, Fascione commenced an action under G. L. c. 90, § 34M, in the Lawrence Division of the District Court Department seeking her unpaid PIP benefits, nominal damages, interest, costs, and attorney's fees. CNA filed its answer on July 16, 1996. On further investigation of Fascione's file, CNA discovered its error and, on July 23, 1996, mailed a check to Fascione for $1,573, the remaining amount of PIP benefits due.

Thereafter, CNA filed a motion for summary judgment asserting that, because it had paid Fascione's PIP benefits in full, it had no further obligations to her and was not responsible for paying her interest, costs, or attorney's fees. Fascione filed a cross motion for summary judgment. A District Court judge denied Fascione's motion and granted CNA's motion for summary judgment.

Fascione appealed to the Appellate Division of the District Court Department. The Appellate Division reversed and entered judgment in favor of Fascione. It remanded the case to the District Court for an assessment of the amount of damages, costs, and attorney's fees due Fascione. The Appellate Division determined that "interest may be awarded as an element of damages for the period of time in which money is wrongfully withheld from a plaintiff" and therefore that Fascione was

entitled to interest for the loss of the use of the PIP benefits from the date that such benefits were due to the date of CNA's payment. It concluded that an award of interest constitutes a judgment under G. L. c. 90, § 34M, and as a result, Fascione was entitled to costs and attorney's fees.

CNA removed the case to the Superior Court pursuant to G. L. c. 231, § 104. Each party filed cross motions for summary judgment. A judge in the Superior Court denied CNA's motion and allowed Fascione's motion for summary judgment. The judge concluded that, although Fascione's claim for PIP benefits had been satisfied, Fascione was entitled to nominal damages for CNA's failure to pay her PIP benefits when due.[1] The judge determined that a judgment for nominal damages constitutes "a judgment for any amount due and payable" under G. L. c. 90, § 34M, and therefore that Fascione could recover costs and reasonable attorney's fees. Finally, because the judge ordered a judgment for nominal damages, he held that Fascione was entitled to interest under G. L. c. 231, § 6C, from the date the PIP benefits were due to the date that payment was made.

CNA filed a notice of appeal, and we granted CNA's application for direct appellate review. We reverse the order granting Fascione's motion for summary judgment.

2. *Discussion.* General Laws c. 90, § 34M, fourth par., provides in relevant part:

> "Personal injury protection benefits . . . shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred . . . . In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of

---

[1]Notwithstanding the requirement under G. L. c. 90, § 34M, that PIP benefits must be paid within thirty days of becoming due and payable, the Superior Court judge cited G. L. c. 232A, § 1, and stated that CNA could have avoided liability under § 34M by tendering payment at any point up to four days before its answer to Fascione's complaint was due. As the judge's comments regarding G. L. c. 232A, § 1, are not relevant to our resolution of this case, we express no opinion regarding that analysis.

this chapter. . . . If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees."

The statute creates a right to payment of PIP benefits as loss accrues, on receipt of reasonable proof of the fact and amount of that loss. It contemplates a cause of action to enforce such right when PIP benefits have not been paid within thirty days of becoming due and payable. The statute also creates the remedy available for violations of this right: when "benefits due and payable" are not paid within thirty days, an unpaid party can file an action in contract "for payment of amounts therein determined to be due in accordance with the provisions of this chapter." G. L. c. 90, § 34M, fourth par. If the unpaid party recovers "a judgment for any amount due and payable by the insurer," such party is entitled to costs and reasonable attorney's fees. *Id.*

In the present case, it is undisputed that CNA owed Fascione PIP benefits for her medical expenses and that it failed to pay the benefits due within the prescribed time period; that Fascione therefore had a right to commence an action in contract against CNA; and that CNA paid Fascione's PIP benefits in full before a judgment in her action was rendered. The question, then, is what, if anything, Fascione is still entitled to recover under G. L. c. 90, § 34M.

The answer depends on the meaning of "any amount due and payable," as Fascione is entitled to costs and attorney's fees only if she "recovers a judgment for any amount due and payable." G. L. c. 90, § 34M, fourth par. CNA asserts that the phrase "any amount due and payable" refers only to PIP benefits due under the insurance policy and that, because it paid Fascione's benefits in full, § 34M provides no further remedy. Fascione, however, contends that the term "amount" is broader than CNA suggests and should be interpreted to include interest on her PIP benefits for the length of time that payment of her benefits was overdue. We conclude that CNA's interpretation of the statute is the correct interpretation.

The Legislature amended § 34M in 1972 by adding two

sentences to the fourth paragraph, including the sentence providing unpaid parties costs and attorney's fees if they recover "a judgment for any amount due and payable." St. 1972, c. 319.[2] The amendment, entitled, "An Act providing for a speedy trial of claims for certain unpaid benefits due from insurers under the compulsory personal injury protection provisions of the motor vehicle insurance law," expresses the Legislature's concern that insurers pay unpaid parties their PIP benefits without delay; if such parties are forced to pursue their claim for benefits to judgment, the Legislature provided that they are entitled to a "speedy trial" and are to be compensated for their litigation expenses.

The words "due and payable" appear together in the statute at several points. See, e.g., G. L. c. 90, § 34M, first par. ("benefits due and payable under any motor vehicle liability policy"); *id.* at fourth par. ("Personal injury protection benefits . . . shall be due and payable . . ."); *id.* ("In any case where benefits due and payable remain unpaid . . ."). In each of these instances, "due and payable" specifically modifies, and refers to, PIP benefits. It denotes the time at which an insurer becomes obligated to pay a claimant's PIP benefits. See G. L. c. 90, § 34M, fourth par. (PIP benefits become "due and payable" as loss accrues, once insurer receives "reasonable proof of the fact and amount" of such loss). "Due and payable" thus has acquired a particular meaning under § 34M.

"[W]here words are used in one part of a statute in a definite sense, they should be given the same meaning in another part of the statute." *Beeler* v. *Downey*, 387 Mass. 609, 617 (1982). Accordingly, our understanding of the words "due and payable" should be applied consistently throughout the statute. Following this principle, it is apparent that "a judgment for any amount due and payable," G. L. c. 90, § 34M, fourth par., must mean a judgment for any *PIP benefits* due and payable, because the words "due and payable" specifically refer to PIP benefits.

---

[2] The Legislature also added the sentence, "In any such action commenced in the district court in the judicial district in which the unpaid party resides, the court shall, upon the filing of an answer by the insurer and upon the motion of the unpaid party, advance the action for a speedy trial." St. 1972, c. 319.

This interpretation is supported by another provision in the statute: "Claim for benefits due . . . shall be presented to the company providing such benefits . . . and shall include . . . information as may assist in determining the amount due and payable." G. L. c. 90, § 34M, third par. "[A]mount due and payable" here clearly means PIP benefits due and payable. At the point when an injured party is initially submitting a claim for benefits, the only "amount due and payable" that the insurer would determine is the amount of PIP benefits due and payable. In other words, the phrase "amount due and payable" in the third paragraph is used interchangeably with the amount of PIP benefits due and payable.

That the Legislature used the phrase "amount due and payable" to mean PIP benefits due and payable in one paragraph of the statute strongly suggests that this phrase should be given the same meaning in a subsequent paragraph. "When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute: otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the [L]egislature might be defeated." *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 334 (1985), quoting *Holbrook* v. *Holbrook*, 1 Pick. 248, 250 (1823). We thus conclude that "a judgment for any amount due and payable" must be interpreted as "a judgment for any *PIP benefits* due and payable." It therefore does not include interest.[3]

In addition, no other provision in the statute indicates that a claimant can recover interest. This is particularly significant in light of the fact that the Legislature expressly provided for an award of costs and attorney's fees. The Legislature could have referred to interest specifically in § 34M, rather than making an oblique reference to a contract action to recover amounts due and payable.[4]

Moreover, we cannot infer an entitlement to interest under

---

[3]It also would not include nominal damages.

[4]If a claimant's § 34M claim proceeds to judgment, the claimant would be entitled to both prejudgment and postjudgment interest, but then an award of interest would derive from express statutory provisions. See G. L. c. 231, § 6C ("In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the

G. L. c. 90, § 34M. "[W]here a statute creates a new right and prescribes the remedy for its enforcement, the remedy prescribed is exclusive." 3 N.J. Singer, Sutherland Statutory Construction § 57.18, at 46 (5th ed. 1992). Were we to interpret the statute to include interest, we would be expanding this limited statute and the remedies available under it without any evidence that the Legislature desired such a result.[5] See *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914) ("we do not 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose'"). Accordingly, because Fascione did not recover a judgment for any amount due and payable (i.e., PIP benefits due and payable), she is not entitled to costs or attorney's fees.

We noted in an earlier decision that the main objectives of the automobile insurance law, of which § 34M is a critical part, were to reduce the amount of motor vehicle tort litigation, control the costs of automobile insurance, and ensure prompt payment of claimants' medical and out-of-pocket expenses. See *Pinnick* v. *Cleary*, 360 Mass. 1, 16-20 (1971). Interpreting the statute to provide for costs and attorney's fees only on the condition that the claimant recover a judgment for PIP benefits due and payable is consistent with these goals. PIP benefits were instituted to provide injured parties with their "most pressing items of cost" without the complication and time involved in determining the party at fault for the motor vehicle accident. *Id.* at 8. The statute was not designed to compensate injured parties for all their damages. See, e.g., *Chipman* v. *Massachusetts Bay Transp. Auth.*, 366 Mass. 253, 256-257 (1974) (injured parties who recover under § 34M forfeit right to

clerk of the court to the amount of damages . . . "); G. L. c. 235, § 8 ("When judgment is rendered . . . interest shall be computed upon the amount of the award . . . from the time when made to the time the judgment is entered").

[5]Fascione contends that, if the Legislature intended "amount due and payable" to be limited to PIP benefits due and payable, it could have used the more specific word "benefits" rather than the general term "amount." On the contrary, the Legislature's use of the term "amount" in the phrase "a judgment for any amount due and payable" acknowledges that the judgment recovered for PIP benefits might be less than the amount originally claimed when the action in contract was commenced.

recover in tort to extent of their PIP benefits and lose right to sue for pain and suffering).

Fascione suggests that precluding her from recovering costs and attorney's fees will encourage insurers to make late payments and that the Legislature must have intended to deter such conduct. Certainly, the Legislature knows how to impose penalties when a person engages in prohibited conduct. Cf. G. L. c. 93A, § 9 (3) (awarding multiple damages for wilful, knowing, or bad faith violations of consumer protection laws); G. L. c. 176D, § 7 (court may award punitive damages for unfair methods of competition or deceptive insurance practices). It chose not to do so here. While late payments are not to be encouraged, it is more likely that the Legislature was concerned with insurers that dispute their obligation to pay PIP benefits and force claimants to litigate their case to judgment, rather than insurers that pay PIP benefits inadvertently after the thirty-day period.

Further, it was unnecessary for the Legislature to provide the kind of remedies that Fascione seeks under § 34M in order to punish insurers that fail to pay PIP benefits reasonably promptly. One month after the Legislature amended G. L. c. 90, § 34M, see St. 1972, c. 319, it enacted G. L. c. 176D, § 3, see St. 1972, c. 543, § 1, prohibiting unfair claim settlement practices, including the failure "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies," G. L. c. 176D, § 3 (9) (*b*); and the failure "to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed," G. L. c. 176D, § 3 (9) (*e*). Injured parties can bring a private action for such unfair settlement practices under G. L. c. 93A, § 9. See, e.g., *Hopkins* v. *Liberty Mut. Ins. Co.*, 434 Mass. 556, 564 (2001); *Davis* v. *Allstate Ins. Co.*, 434 Mass. 174, 187 (2001). See also G. L. c. 176D, § 7. A successful party under G. L. c. 93A, § 9, can recover multiple damages, costs, and attorney's fees, as well as other equitable relief deemed necessary and proper.[6] See G. L. c. 93A, § 9 (3)-(4). See also Billings, The Massachusetts

---

[6]Fascione also suggests that a failure to award attorney's fees may prevent future claimants from enforcing their right to PIP benefits because they may fear that if they hire an attorney they will be left to pay fees out of pocket or

Law of Unfair Insurance Claim Settlement Practices, 76 Mass. L. Rev. 55 (1991). In this case, Fascione filed only a claim under G. L. c. 90, § 34M.

We reverse the Superior Court's grant of summary judgment in Fascione's favor and remand the case for the entry of summary judgment for CNA.

*So ordered.*

out of their PIP benefits. General Laws c. 90, § 34M, envisions that claimants should, without the assistance of counsel but rather by direct communication with the insurer, be able to resolve situations where an insurer inadvertently fails to pay PIP benefits. If, however, the insurer persists in its refusal to pay PIP benefits, claimants can consider hiring counsel and filing a claim under G. L. c. 93A, § 9, as well as under G. L. c. 90, § 34M.