Merrick, PJ.
This is a Dist/Mun. Cts. R. A. D. A., Rule 8A expedited appeal of the allowance of summary judgment in favor of the defendant-insurer on the plaintiff-medical provider’s G.L.c. 90, §34M claim for Personal Injury Protection (“PIP”) payments for treatment provided to the defendants insured.
The Rule 8A(a) (4) summary of undisputed facts indicates that plaintiff Arbit Chiropractic (“Arbit”) supplied chiropractic services to one Idly Galette (“the Insured”) who was insured under a Massachusetts Motor Vehicle policy (“the Policy”) issued by defendant Commerce Insurance Company (“Commerce”). The Insured notified Commerce that she had been involved in a “hit and run” accident with an unknown vehicle on November 9,1996. The Insured began treatment with Arbit and submitted a claim to Commerce under the “Uninsured Motorists” (“UM”) coverage of the Policy. When the Insured and Commerce were unable to agree on the UM claim, the matter was submitted to arbitration.
From November of 1996 through March of 1997, Arbit provided chiropractic services to the Insured which it alleges were necessary due to the Insured’s accident and were worth $3,795.00. In March of 1997, Arbit submitted its bills for such treatment to Commerce for payment under the PIP coverage of the Insured’s Policy. On March 15, 1997, Commerce denied Arbifs request for payment on the *209 ground that the Insured had not submitted a PIP claim application. When the Insured then submitted an application, Commerce again denied any liability to Arbit for other reasons which do not appear in the record.
On August 26,1997, the Insured was awarded $24,000.00 in the UM arbitration. The arbitrator’s decision stated: “I find that Idly Galette’s total damages for injury to herself and her property on November 9,1996 are $14,000.00.”
Commerce paid the $14,000.00 award to the Insured. The Insured did not pay Arbit, nor did Arbit perfect any lien on the proceeds.[1]
Arbit thereafter commenced this G.L.c. 90, §34M action against Commerce to recover PIP payment for medical services provided to the Insured, and has appealed the entry of summary judgment in Commerce’s favor.
1. “Uninsured Motorists” coverage permits the Insured to recover, up to the policy limits of that coverage, the amount of money the Insured would have been entitled to recover from the responsible party, had that party been known and insured. Amica Mut Ins. Co. v. Bagley, 28 Mass. App. Ct. 85, 89 (1989). Both the standard automobile policy and G.L.c. 175, §111D provide that when, as in the instant case, the UM insurer and the insured cannot agree on those damages, the issue shall be submitted to arbitration. Aetna Cas. & Surety Co. v. Poirier, 371 Mass. 257, 259 (1976). The UM arbitrator’s award is res judicata as to the amount of damages which the Insured sustained as a result of the accident See Bailey v. Metropolitan Prop. & Liab. Ins. Co., 24 Mass. App. Ct. 34, 36-37 (1987). See generally Miles v. Aetna Cas. & Surety Co., 412 Mass. 424, 427 (1992). The Insured may not claim under other coverage that its losses from personal injuries were greater than those found by the arbitrator and paid.under the UM coverage. Aetna Cas. & Surety Co. v. Poirier, supra at 259.[2]
“[Tjhe PIP scheme and UM coverage both have as an objective the avoidance of duplicate recovery.” Amica Mut. Ins. Co. v. Bagley, supra at 89. Pursuant to G.L.c. 90, §34M, either the provider of services or the insured may bring an action as an unpaid party to recover PIP benefits, but the insurer may discharge its statutory obligation by a payment to either. Ny v. Metropolitan Prop. & Cas. Ins. Co., 51 Mass. App. Ct. 471, 475-476 (2001). Arbit may not recover PIP payments for a claim already determined by arbitration and paid by an insurer.
2. Arbit also argues that benefits were not timely paid, and that it was thus statutorily entitled to interest and attorney’s fees under G.L.c. 90, §34M. Subsequent to oral argument in this case, however, the Supreme Judicial Court held in Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001) that interest on a PIP claim paid late, even after suit is commenced, does not constitute “any amount due and payable” which can be recovered under §34M along with attorney’s fees.
Summary judgment for the defendant is affirmed.
So ordered.

 Arbit has an assignment of PIP and medical payments benefits executed by the Insured in its favor. Nothing in the record suggests that this document was before the judge or Commerce.

 Arbifs rights, as the Insured’s medical provider, are wholly dependent upon and limited to the Insured’s rights against Commerce. Thus, while Arbit was not a party to the UM arbitration, Arbit cannot claim additional or greater rights to recovery than those which the arbitrator determined the Insured to have.