Merrick, EJ.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for chiropractic services provided by the plaintiff to the defendants insured who was injured in an automobile accident The defendant-insurer, The Concord Group Insurance Companies (“the “Insurer”), paid some of the bills submitted by plaintiff Revere Chiropractic & Rehabilitation (“Revere”), hut refused to pay $495.00 in hills for treatment of the insured after a certain date on the ground that such treatment was unnecessary.
Revere commenced this action on November 27, 2000 to recover $495.00 plus interest costs and attorney’s fees as an “unpaid party” under G.L.c. 90, §34M. On December 5,2000, before its answer was due, the Insurer made a “business judgment” to pay the $495.00 plus interest and costs. On the same date, the Insurer sent a check in the amount of $679.55 to Revere’s counsel, noting that it was making the tender pursuant to G.L.c. 223A the “Tender” statute. On December 11, 2000, Revere’s counsel returned the check with a request that two separate checks be issued, one for $495.00 plus interest payable to Revere and one for costs in a slightly higher amount than tendered payable to Revere’s counsel. On December 13, 2000, the Insurer sent a single check for the requested total of $690.85 which was payable to Revere only. Revere’s counsel held the check until February 7, 2001, and then returned it because it did not include attorney’s fees.
On February 20,2001, the trial court allowed the Insurer’s motion for summary judgment Revere has appealed that decision on an “Agreed Statement of the Case” pursuant to Dist/Mun. Cts. RAD.A, Rule 8B.
1. Section 34M of G.L.c. 90, the statute governing collection of PIP benefits, makes a medical provider a party to the insurance contract for the purpose of collecting PIP benefits not paid by the insurer within thirty (30) days from the date they are due and payable. The statute provides:
In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right *238 to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees [emphasis supplied].
Based on the statutory language, Revere argues that because payments to which it was entitled were made late, it is also entitled to interest and/or nominal damages for the delay in payment and, if it recovers either, to attorney’s fees.
Whatever vitality there was to that argument when Revere filed this appeal was extinguished by the more recent decision of the Supreme Judicial Court in Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001). The Court dealt in that case with a PIP payment which had not been made before suit, although the insurer later acknowledged that the payment was due before suit After suit was brought but before judgment, the insurer paid the PIP benefits due under the insurance contract coverage. The insured continued, however, to maintain her suit Relying on the statutory language recited above, the insured claimed that she was entitled to interest or nominal damages because of the insurer’s late payment in breach of the contract coverage. The Court held that the phrase “judgment for any amount due and payable” in §34M, which describes the event which would trigger attorney’s fees, “refers only to PIP benefits due under the policy.” Fascione v. CNA Ins. Cos., supra at 91. That phrase does not include interest or nominal damages. Id. at 93 and n. 3.
Based on Fascione, there was no error in the entry of summary judgment for the Insurer.
2. Section 1 of G.L.c. 232A, the “Tender” statute which was invoked by the Insurer when it finally made its payment, provides:
The payment or tender of payment of the whole amount due on a contract for the payment of money after it is due and payable and before action is commenced shall, if pleaded, have the same effect as if made at the time provided in the contract Such payment or tender may also be made after action has been commenced if made at least four days prior to the date by which the answer must be filed, with costs to the time of payment or tender. The tender last mentioned may be made to the plaintiff or to his attorney in the action, and, if not accepted, the defendant may avail himself of the tender in defense in like manner as if made before the commencement of the action, bringing into court the amount so tendered.
Revere argued in its brief that G.L.c. 223A could not be used to circumvent the provisions of §34M (as Revere considered them to be pre-Fascioné). Revere also argued that c. 232A applies only to claims in contract and does not apply to a claim for attorney’s fees under §34M which, Revere asserts, is not contractual, but statutory. Alter Fascione eviscerated any claim for attorney’s fees under §34M, Revere’s counsel reversed course at oral argument to claim that the Insurer’s tender under c. 232A somehow resurrected a claim for attorney’s fees that could not be sustained under §34M alone. Nothing in either statute supports such a claim. Fas-cione, in any event, renders any argument under c. 232A on the present facts “not relevant to our resolution of this case.” Id. at 90 n. 1.
Judgment affirmed. Appeal dismissed.
So ordered.