Merrick, P.J.
This case is before us for the second time. The facts — at least up to the time of our decision in Sonogram of New England, Inc. v. Plymouth Rock Assurance Co., 2002 Mass. App. Div. 148 — are recited in that opinion. Plaintiff Sonogram of New England, Inc. (“Sonogram”) filed a Personal Injury Protection (“PIP”) benefits claim against defendant Plymouth Rock Assurance Company (“Plymouth Rock”) for payment of ultrasound diagnostic tests performed by Sonogram on Plymouth Rock’s injured insured. Plymouth Rock moved for summary judgment on the ground that various decisions of trial judges in earlier cases established preclu-sively that the ultrasound test was not a covered medical procedure under G.Lc. 90, §34M for which PIP benefits were available. We ruled that those prior trial court decisions did not have preclusive effect and ordered this case “returned to the Woburn District Court for further proceedings consistent with this opinion.”
After losing its appeal on the collateral estoppel issue, Plymouth Rock decided to pay Sonogram’s claim for unpaid medical bills rattier than litigate the matter further. After the payment, Plymouth Rock moved for summary judgment Sonogram responded by filing both a motion to amend its complaint by adding claims under G.Lc. 176D and c. 93A and a cross-motion for summary judgment The trial judge allowed Sonogram’s motion to amend, but also allowed Plymouth Rock’s motion for summary judgment on all claims. This Dist/Mun. Cts. R A D. A, Rule 8A appeal by Sonogram followed.
1. The trial court’s allowance of summary judgment on the PIP claims was based . upon the ruling in Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), that interest or attorney’s fees for a PIP claim cannot be recovered under G.Lc. 90, §34M unless there is a judgment for unpaid PIP benefits. Id. at 92-93. Sonogram argues that this case is distinguishable from Fascione because the failure to make timely PIP payments in that case was inadvertent while the delay in this case was intentional based on Plymouth Rock’s position that Sonogram was collaterally estopped from claiming coverage. The Court in Fascione made it clear, however, that even a willful delay in payment of PIP benefits does not give rise to a claim for attorney’s fees under §34M as long as there is no judgment for the PIP benefits themselves. See Revere Chiropractic & Rehabilitation v. Concord Group Ins. Cos., 2001 Mass. App. Div. 237, 238; Arbit Chiropractic v. Commerce Ins. Co., 2001 Mass. App. Div. 208, 209. The remedy for an unfairly delayed payment is under G.L.c. 93A and not G.L.c. 90, §34M. Fascione v. CNA Ins. Cos., supra at 95-96. Summary judgment on Sonogram’s PIP claim was proper.
2. Chapter 176D includes “no provision for private actions for the violations designated in §3 (9) and contemplate [s] enforcement by the Commissioner of Insurance.” Reiter Oldsmobile, Inc. v. General Motors Corp., 378 Mass. 707, 711 (1979). Section 9 of G.L.c. 93A specifically provides that actions may be brought under that section by *83 a consumer, or any entity other than a business entitled to sue under §11, against an insurer engaged in any of the practices proscribed by G.Lc. 176D, §3 (9). Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 564 (2001); Bolden v. O’Connor Cafe of Worcester, Inc., 50 Mass. App. Ct. 56, 59 n.8 (2000). “A consumer asserting a claim under G.Lc. 93A, §9, may recover for violations of G.L.c. 176D, §3(9), without regard to whether the violation was unlawful under G.Lc. 93A, §2, because of the explicit statement to that effect in §9.” Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747, 754 (1993). A business such as Sonogram may not bring an action for violations of G.L.c. 176D as such. Spencer Press, Inc. v. Utica Mut. Ins. Co., 42 Mass. App. Ct. 631, 636 (1997). Any recovery under c. 93A, §11 by Sonogram must be for conduct which was unfair or deceptive under c. 93A, §2. Polaroid Corp. v. Travelers Indemnity Co., supra at 754. But see R. W. Granger & Sons v. J & S Inc., 435 Mass. 66 (2001).
3. Plymouth Rock’s position on the collateral estoppel issue, discussed in our earlier opinion at 2002 Mass. App. Div. 148, 149-150, was a “plausible, reasoned legal position.” Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 343 (1994). Such a position “that may ultimately turn out to be mistaken — or simply, as here, unsuccessful — is outside the scope of the punitive aspects of the... application of c. 93A....” Id.
Sonogram argues that Plymouth Rock’s full payment of the PIP claim after its argument on collateral estoppel proved unavailing was itself a violation of c. 93A and a violation of our order returning the case to the Woburn District Court “for further proceedings consistent with this opinion.” ‘To state the proposition is to refute it.” The Employers’ Liab. Cases, 207 U.S. 463, 502 (1908).
Summary judgment for the defendant is affirmed.
So ordered.