Coven, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal of the allowance of summary judgment, on the basis of Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), in favor of the defendant-insurer on the plaintiff-physician’s G.L.c. 90, §34M claim for unpaid medical bills.
It is undisputed that the plaintiff, Dr. Joseph H. Kratzer, is a licensed physician who provided medical treatment to Christine Johnston (“Johnston”) for injuries she sustained in an automobile accident. The vehicle in which Johnston was riding was insured under a standard Massachusetts automobile insurance policy purchased from defendant Liberty Mutual Insurance Co. The plaintiff submitted his treatment bills to the defendant for Personal Injury Protection (“PIP”) payments, and the defendant paid all but $514.32 of those bills. The plaintiff-physician, who is deemed a party to the insurance contract with the defendant under G.L.c. 90, §34M,[1] com *88 menced this action to recover the balance of PIP benefits “due and payable” to him for the medical services he provided, plus interest and the costs and attorney’s fees for which §34M provides.
On October 29, 2002, eighteen months after suit was commenced but before any judgment, the defendant tendered a check payable to both the plaintiff and his attorney for the full amount of the PEP payments due. The check was attached to a disclosure of payment statement which contained the following language: “Enclosed is our check in payment of no fault benefits. If you have any further loss as a result of this accident please notify us promptly. Per agreement on settlement of suit [emphasis supplied].” Plaintiff’s counsel returned the check to the defendant, explaining in an accompanying letter that neither he, nor the plaintiff, had agreed to any settlement of the suit
Neither party contests the application of Fascione v. CNA Ins. Cos., supra, to this action. In Fascione, decided on September 6,2001, the Supreme Judicial Court held that a defendant-insurer may avoid liability for interest and statutory costs and attorney’s fees in a §34M action by making full payment of the PIP benefits sought by the plaintiff prior to the entry of any judgment for those benefits. Id. at 94. See Revere Chiropractic & Rehab. v. Concord Group Ins. Cos., 2001 Mass. App. Div. 237, 238; Arbit Chiropractic v. Commerce Ins. Co., 2001 Mass. App. Div. 208, 209. The plaintiff acknowledges that Fascione prevents him from collecting interest, costs and attorney’s fees in this action on his §34M claim after full PIP payment by the defendant. The plaintiff also correctly argues that Fascione does not preclude him from recovering his costs and legal fees, as well as damages, in a subsequent action under G.L.c. 93A §11 upon proof of the defendant’s unfair and deceptive acts. Fascione v. CNA Ins. Cos., supra at 95; Boehm v. Commerce Ins. Co., 2003 Mass. App. Div. 39, 41.
The plaintiff’s opposition to the defendant’s summary judgment motion and his arguments on this appeal are instead based primarily on tire settlement provision attached to the defendant’s check. The plaintiff argues that had he accepted the check in the form tendered by the defendant, such acceptance would have compromised his right to bring a G.Lc. 93A action against the defendant at a later date. The record is clear, however, that the plaintiff merely argued his intention and right to commence a later action against the defendant to collect interest, costs and attorney’s fees resulting from what the plaintiff believed was the defendant’s unlawful withholding of PIP benefits. The plaintiff presented nothing to the motion judge that could have been construed as a request to amend the complaint to include a G.Lc. 93A claim against the defendant In fact, even on this appeal, the plaintiff has referred only to a future legal action under G.Lc. 93A to collect the interest, costs and attorney’s fees Fascione disallows under §34M because of the defendants tender of payment.
The familiar “[sjtandard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Greater Lawrence Sanitary District v. North Andover, 439 Mass. 16, 20-21 (2003), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). Considering the parties’ Rule 56 materials in the plaintiff’s favor, Bobick v. United States Fidelity & Guar. Ins. Co., 57 Mass. App. Ct. 1, 4 (2003), we accept that, contrary to the notation attached to the defendant’s check, there was no agreement for the settlement of this suit. Further, the notation on the disclosure statement cannot be read as an indication of an offer to settle with a right of rejection. As the plaintiff argues, it was, at best, an attempted release of all claims.[2] In *89 some situations, the acceptance of a check on the condition that it is to satisfy a claim in full can bar further recovery. The bar arises, however, in the context of a tender on an unliquidated claim. It has long been the law of Massachusetts that
when a check is sent to be accepted on condition ... one who accepts and uses it is bound by the condition ‘where a check is sent in full discharge of a claim no part of which is admitted to be due’; but it is not so ‘where a debtor undertakes to make payment of what he admits to be due conditioned on its being accepted in discharge of what is in dispute.’ Such a condition is void and the creditor ‘can take the payment admittedly due free of the void condition which the debtor has sought to impose.’
Dedham Lumber Co. v. Hartung, 278 Mass. 488, 491 (1932).
Based on this principle, the motion judge had before him a tender of full payment of a liquidated claim, which would satisfy only the defendant’s obligation on the unpaid amount of the PIP benefits, the rejection of that tender, and the absence of any motion to amend the complaint to include a G.L.c. 93A claim. Under Fascione, the defendant’s tender of a full PIP payment extinguished the plaintiff’s §34M claim. As no other relief was available to the plaintiff, the defendant was entitled to summary judgment as a matter of law.[3]
Accordingly, summary judgment for the defendant is to be entered upon proof that the defendant’s PIP check has been reissued and resubmitted to the plaintiff.
So ordered.

 Section 34M provides, in part: “Personal injury protection benefits and benefits due from an insurer assigned shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred.... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due. ... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.”

 The defendant contends that the language indicates that the tendered payment was to satisfy only the PIP payments demanded in this §34M action. As indicated, however, the language must be construed in the light most favorable to the plaintiff. The disclosure of payment language must be read, therefore, as an attempt by the defendant to release all claims.

 In its brief on this appeal, the defendant “acknowledges the fact that the money was intended for the satisfaction of Plaintiff s claim for PIP benefits and not as an agreement meant to deprive Plaintiff of a future 93A action.” We do not address whether this “acknowledgment” would prevent the defendant, under principles of estoppel, from raising claim preclusion as a defense in any future action.