Curtin, J.
This is an appeal of the allowance of summary judgment in favor of the defendant-insurer, Hanover Insurance Company (“Hanover”), on the G.L.c. 90, §34M claim by the plaintiff-chiropractor, Ian J. Boehm, D.C. (“Boehm”), for Personal Injury Protection (“PIP”) payment of medical bills.
On March 19,2006, Norman Landano (“Landano”) sustained injuries in an automobile collision while an occupant of a vehicle insured by Hanover under a standard Massachusetts automobile policy. Boehm treated Landano for his injuries from March 21,2006 through August 22,2006, generating medical bills totaling $2,310.00. On July 18, 2006, Hanover paid Boehm $1,200.00. Hanover also requested that Landano undergo an “independent medical examination” (“IME”), and hired Dr. John Groves (“Groves”), an orthopedic surgeon, to perform the exam on April 20, 2006. Based on the Groves’ report of the IME, Hanover refused to pay any further PIP benefits on the grounds that there was no medical necessity for the treatment billed.
On June 11, 2007, Boehm, who is deemed a party to the insurance contract with Hanover pursuant to G.L.c. 90, §34M, filed this action to recover (1) the statutory PIP benefits “due and payable” to him for the chiropractic services he provided to Landano, and (2) G.L.c. 93A, §11 damages for Hanover’s alleged unfair insurance practices in violation of G.L.c. 176D. On January 18,2008, before trial, Hanover paid Boehm the balance of PIP benefits owed to him for his medical services. See Fascione v. CNA Ins. Co., 435 Mass. 88 (2001).[1]
In March, 2008, both Boehm and Hanover filed cross motions for summary judgment. Boehm asserted in his motion that he had not received payment of the PIP benefits owed by Hanover, and that Hanover had violated G.L.c. 90, §34M by having the IME performed by an orthopedic surgeon who was not licensed under the same section of G.L.c. 112 as Boehm, who is a chiropractor. See Boone v. Commerce Ins. *74 Co., 68 Mass. App. Ct. 354 (2007), rev’d, 451 Mass. 192 (2008). Boehm filed no affidavit in support of his Mass. R. Civ. P., Rule 56, motion. Hanover’s summary judgment motion alleged that it had made full payment to Boehm prior to trial pursuant to Fascione, and that it had made such payment as a business decision in view of the fact that the Boone case was on appeal to the Supreme Judicial Court. Hanover filed detailed supporting affidavits by Dana Shults (“Shults”), a litigation specialist employed by Hanover in its PIP department, and by Attorney Peter S. Farrell (“Farrell”), Hanover’s attorney. Boehm’s motion to strike the Shults and Farrell affidavits was denied by the trial court. After hearing, the court denied Boehm’s summary judgment motion, and allowed Hanover’s cross motion. This appeal followed.
1. “Summary judgment is appropriate where there is no genuine issue of material fact, and where viewing the evidence in the light most favorable to the nonmov-ing party, the moving party is entitled to judgment as a matter of law.” Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). The moving party bears the burden of establishing by credible evidence from affidavits and other supporting material that the pleadings raise no genuine issue of fact on any material issue, even though the moving party would not have the burden of proof on those issues at trial. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party opposing a summary judgment motion may not simply rest on his pleadings or general denials; rather, he must advance specific facts by affidavit, depositions, answers to interrogatories, or other admissible evidence that shows that there is a genuine, triable issue. See Liberty Mut. Ins. Co. v. SCA Servs., Inc., 412 Mass. 330, 337-338 (1992).
In this case, the Shults affidavit satisfied Hanover’s burden of demonstrating that there was no genuine issue of fact as to its payment of Boehm’s bills. Shults averred clearly that Hanover had paid Boehm “the full amount of bills he alleges to be due and payable.”[2] There was no error in the denial of Boehm’s motion to strike Hanover’s affidavits as hearsay. The information contained in those affidavits was within the personal knowledge of the affiants, was not based on speculation or supposition, and would have been admissible at trial. Cf. Whirty v. Lynch, 27 Mass. App. Ct. 498, 500 (1989). Thus, Hanover’s affidavit was sufficient to shift the Rule 56 burden to Boehm to prove that he was an unpaid treatment provider. Boehm failed, however, to submit any affidavit addressing the payment issue or to advance any specific facts showing the necessity of a trial on that issue, and was, thus, unable to defeat Hanover’s summary judgment motion. The trial court properly granted summary judgment to Hanover on Boehm’s G.L.c. 90, §34M claim.
2. There was also no error in the court’s allowance of Hanover’s Rule 56 motion on Boehm’s remaining G.L.c. 93A claim. Hanover’s uncontroverted affidavits indicated that the insurer relied on the IME of Landano performed by Dr. Groves in declining to pay the balance of Boehm’s bills for treatment deemed medically unnecessary. Subsequently, Hanover made a business decision to pay Boehm’s charges in order to avoid further litigation costs. Based on those uncontested facts, there was *75 no basis for any finding of unfair or deceptive acts, or unfair settlement practices, by Hanover.
Judgment affirmed. Appeal dismissed.
So ordered.

 In Fascione, the Supreme Judicial Court held that an insurer may avoid liability in a G.L.c. 90, §34M action for statutory interest, costs and attorney’s fees by making full payment of the PIP benefits sought prior to the entry of any judgment for those benefits. Id. at 93-94. The Court also noted that damages for an insurer’s unfair settlement practices in violation of G.L.c. 176D could be recovered upon a successful G.L.c. 93A claim in the same action.

 Attorney Farrell’s affidavit stated only that he had sent a letter to Boehm’s attorney indicating that Hanover intended to pay Boehm’s bills pursuant to Fascione. For what it was worth, Farrell attached a copy of his letter to his affidavit.