Swan, J.
John Duffy, D.C., d/b/a Waltham Chiropractic (“Duffy”), claiming the status of an unpaid party under G.L.c. 90, §34M, commenced an action against Enterprise Rent-A-Car Company of Boston, Inc. (“Enterprise”) for personal injury protection (“PIP”) benefits in payment of treatment provided by Duffy to Jacques Joseph (“Joseph”). Duffy asserted violations of §34M and G.Lc. 93A, §11. Prior to the scheduling of a pretrial conference, Enterprise paid Duffy the full amount of the claim. Citing Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), Enterprise moved for summary judgment on the §34M claim on the ground that all benefits had been paid, and on the c. 93, §11 claim on the ground that Enterprise had not engaged in unfair or deceptive trade acts or practices. Duffy agreed to the dismissal of all other counts in his complaint,[2] and the trial court allowed the summary judgment motion on his c. 93A claim. From that decision, Duffy has appealed.
We view the evidence in the light most favorable to Duffy, the nonmoving party. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), citing Mass. R. Civ. R, Rule 56(c). On December 2, 2007, Joseph, while operating a car he had rented from Enterprise, stopped for an ambulance in Cambridge and was hit in the rear by a truck. He sustained back and neck injuries and began treating with Duffy the following day. The treatment ended on February 12, 2008. As Enterprise is self-insured, Duffy sent medical bills and treatment records to Enterprise’s third-party-administrator, ELCO Administrative Services (“ELCO”). The bills totaled $2,987.00; and the records indicated Joseph’s name, address, and social security number, and described the nature and extent of his injury and the course of treat *191 ment.[3] On February 26, ELCO sent to Joseph a blank “PIP package” for him to complete. The package consisted of an application for benefits, a page of authorizations for medical, wage, and coverage information, and an authorization to disclose health information. On March 5, ELCO wrote to Duffy, acknowledging receipt of the bills and records, and advising that ELCO was awaiting the completed PIP application from Joseph and a W-9 form[4] from Duffy. That same day, ELCO received a PIP application from Joseph, including signed authorizations for medical, wage, and health coverage information. Joseph left blank the sections on the PIP application for his social security number and description of his injury. He also did not complete a separate affidavit of whether he had other health benefits available to him, although there is no indication that such a form was included with the PIP package. However, on the PIP application itself, he checked “no” to the question, “Have you received or are you eligible for any payment under a policy of health, sickness or disability insurance or a contract or agreement with a group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical expenses?” ELCO viewed the lack of a social security number, injury description, and health benefits affidavit as an incomplete PIP application, and, on March 11 and again on May 6, ELCO so informed Joseph. ELCO received nothing further from Joseph. Concluding that it could not properly investigate Joseph’s claim because of the lack of a social security number and injury description on the PIP application and the lack of a health benefits affidavit, Enterprise did not make payment to Duffy. Thereafter, after suit had been filed, Enterprise “made a business judgment” to tender a check for $2,987.00.
The sole issue here is whether Enterprise on these facts was entitled to summary judgment on Duffy’s claim that the "actions, omissions, conduct and/or delays of [Enterprise] ... were willful and knowing ... unfair or deceptive acts or practices” in violation of G.L.c. 93A, §§2 (a) and 11. Summaryjudgmentmaybe granted only if the moving party sustains its burden of showing that no genuine issues of material fact remain, and that the movant is entitled to a judgment as a matter of law. Mass. R. Civ. P., Rule 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991); La Londe v. Eissner, 405 Mass. 207, 209 (1989). Only if the moving party makes such a showing does the burden then shift to the nonmoving party, who “must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Enterprise followed the same procedure as the defending PIP insurer did in N.E. Physical Therapy Plus, Inc. v. Commerce Ins. Co., 2009 Mass. App. Div. 223 (“NEPT”); after the filing against it of a complaint alleging c. 93A, §11 violations, it made a so-called Fascione payment of the balance claimed and then successfully moved for summary judgment. In NEPT, the Southern District reversed, noting that the insurer’s employee’s affidavit in support of the motion was *192 “composed almost entirely of the affiant’s facile and conclusory characterizations of [the insurer’s] claims records,” and gave “no insight into [the insurer’s] strategy for handling [the plaintiff’s] claims,” or its “decision-making process with respect to those claims,” or the “results of any expert review of the claims; or, in fact, into any of the subjective questions on which G.L.c. 93A claims generally rise and fall.” Id. at 226.
Unlike the insurer in NEPT, Enterprise, in ELCO’s affidavit, did give a specific reason for initially not paying the claim — an incomplete PIP application. That affidavit, however, presents facts strikingly similar to those of Advanced Spine Ctrs., Inc. v. Pilgrim Ins. Co., 2010 Mass. App. Div. 121 (“Advanced Spine“), in which a PIP insurer asserted the defense of noncooperation because the injured party did not complete a “PIP package” very much like ELCO’s, even though that insurer had received through other communications “all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amount due” as required under §34M. This Division accordingly affirmed a judgment for the plaintiff provider. Id. at 123. Similarly, ELCO cannot base its claim of noncooperation in this case on a lack of information because most of its PIP package was completed, and any missing information was forthcoming on the PIP application itself (statement of no health insurance) or from Duffy’s records (social security number, W-9 data, and injury description). In accordance with Advanced Spine, ELCO’s reasons for nonpayment were invalid. Enterprise thus failed to make an initial showing that it was entitled to judgment as a matter of law, and the burden never shifted to Duffy to show otherwise.[5]
We are mindful that the court below and the parties did not have the benefit of the decision in Advanced Spine And while we are also mindful that at a trial for violations of c. 93A, §11, a business in Duffy’s position bears a heavy burden to prove intentional deception or unfair taking advantage, see Massachusetts Employers Ins. Exch. v. Propac-Mass., Inc., 420 Mass. 39, 42-43; Kelley v. Riccelli Enters. of Mass., Inc., 2010 Mass. App. Div. 81, 82 n.3, a trial must still be had.
The judgment entered for the defendant is vacated, the allowance of the defendant’s summary judgment motion is reversed, and the action is returned to the Waltham Division of the District Court Department for trial.
So ordered.

 Duffy’s complaint contained five counts: count 1 (c. 93A, §11), count 2 (G.Lc. 93A, alleging unfair claim settlement practices under G.L.c. 176D, §3), count 3 (G.L.c. 93), count 4 (§34M), and count 5 (another version of §34M). Counts 2 though 5 were dismissed by agreement of the parties. The only issue on appeal arises from count 1, violation of c. 93A, §11.

 To Duffy’s attorney’s memorandum in opposition to the motion for summary judgment were appended, apparently without objection from Enterprise, copies of what counsel stated to the trial court to be the bills and records supplied to Enterprise by Duffy.

 The W-9 form discloses the taxpayer identification number of the payee. This number was given in the records described in note 2, supra.

 Alternatively, as shown in note 2, supra, we note that Duffy did respond with “specific facts” by filing with the trial court copies of the bills and records referred to in ELCO’s affidavit.