Greco, P.J.
In this matter involving the payment of personal injury protection (“PIP”) benefits pursuant to G.L.c. 90, §34M, Kantorosinski Chiropractic, Inc. (“Kantorosinski”) has appealed the allowance of summary judgment in favor of the PIP insurer, Plymouth Rock Assurance Corporation (“Plymouth Rock”). The case arose out of a relatively minor accident in which Francisco Delasnueces (“Francisco”) and his wife, Gloria Delasnueces (“Gloria”), were injured. It would appear that the car in which they were riding was owned by Gloria and insured by Plymouth Rock. Both husband and wife received treatment from Kantorosinski for *235 their injuries, for which Plymouth Rock was billed $3,450.00 for Francisco’s treatment, and $3,890.00 for Gloria’s treatment. Plymouth Rock paid a portion of those bills, but denied $1,675.00 of Francisco’s bills and $2,115.00 of Gloria’s. However, those balances were ultimately paid on March 9, -2011, when Plymouth Rock made a “business decision” to do so, as discussed below. The Mass. R. Civ. P, Rule 56, motion for summary judgment at issue here was filed three months later. In its motion, Plymouth Rock stated that there was “no material issue of fact” because it had paid “all outstanding PIP benefits alleged to be owed [Kantorosinski],” and that pursuant to Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), the complaint must be dismissed.
Rule 56(c) of the Mass. R. Civ. P. states that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admissions ..., together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” When such a showing is made, “an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” Rule 56 (e). See Smith v. Massimiano, 414 Mass. 81, 85-86 (1993); Boehm v. Hanover Ins. Co., 2009 Mass. App. Div. 73, 74.
In support of its summary judgment motion, Plymouth Rock submitted a number of affidavits. Two of them were from its attorney, who stated that on March 10,2010, he sent the checks for $1,675.00 and $2,115.00, mentioned above, to Kantorosinski’s attorney “as a business decision” to pay the balance of the PIP benefits sought by Kantorosinski. He further stated that Kantorosinski’s attorney returned the $1,675.00 check; and that when the other check was neither cashed, nor returned, a stop-payment order was issued on it. These affidavits are clearly intended to support Plymouth Rock’s contention, based on Fascione, supra, that it is entitled to summary judgment because it has paid, or has attempted to pay, all of Kantorosinski’s bills for services provided. However, this Division has stated that “[n]othing in Fascione dictates that a tender of the balance due under the §34M claim must necessarily stop that part of the litigation in its tracks and require a judgment of zero damages — with the result that the injured party, or the provider, must bring [or proceed with] a whole new type of action, with different elements, and arguably a more difficult burden of proof.” Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 136, 138. We stated further in Metro West Med. Assocs., Inc. that “[i]t would not be inconsistent with the holding in Fascione to require that the insurer” on a §34M claim also “show that there is no genuine issue of fact concerning whether [the PIP insurer] had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits.” Id. Simply maintaining that a “business decision” was made does not carry the day. On the one hand, that could mean that the insurer believes it was justified in not paying the balance, but that it was not worth the costs of litigation to go on with the case. On the other hand, it could signify the insurer’s realization that it is unlikely to prevail on the §34M claim, and its desire to avoid payment of attorney’s fees. Thus, the mere payment of the balances of Kantorosinski’s bills would not justify summary judgment for Plymouth Rock.
*236 Plymouth Rock also filed, however, the affidavit of Daniel Burn (“Burn”), the claims representative “who was responsible for handling and processing” the PIP claims of Francisco and Gloria Delasnueces. In an effort to show that the claims arose from a minor accident, Burn averred that Gloria’s car sustained only $326.00 “worth of repairable damage.” A copy of the appraisal of the damage was attached to Burn’s affidavit. Additionally, to show that the treatment received by the Delasnueceses beyond that reflected by the initial payments made by Plymouth Rock was not medically necessary, Burn stated that both husband and wife underwent independent medical examinations (“IMEs”) pursuant to G.L.c. 90, §34M. As to Gloria, the examining doctor noted, among other things, that she moved “about the room without difficulty,” that she had “a full range of shoulder and elbow motion,” that her “[h]ip range [was] supple,” and that there were “no objective findings on physical examination to support the need for further treatment” as of July 31, 2008. The examination of Francisco yielded very similar results with a similar conclusion that “a medical end result ha[d] been reached.” Unlike the “business decision affidavits,” these further affidavits were sufficient to shift the obligation to Kantorosinski to show that “there is a genuine issue for trial.”
To satisfy that obligation, Kantorosinski filed an affidavit to which it attached the “narrative reports and bills detailing dates of service, diagnosis and treatment rendered,” along with daily progress charts and various other records. Specifically with respect to the period after which Plymouth Rock contended that a medical end result had been reached, Gloria estimated on August 25, 2008 that her condition had improved by only thirty (30%) percent, and that she was experiencing sharp pain in her lower back with moderate pain in her neck and shoulders. By September 19, 2008, her condition had improved by eighty (80%) percent, but she still had stiffness in her neck and shoulders. On August 11, 2008, Francisco indicated that he was experiencing moderate back pain, and estimated that his condition had improved by eighty (80%) percent. A month later, his back pain was somewhat less, and he estimated that his condition had improved by ninety (90%) percent. By its affidavit, Kantorosinski has, thus, demonstrated that there are genuine issues of fact to be resolved at a trial. We recognize that the trial judge may well have been skeptical about the length of treatment undergone as a result of a relatively minor accident. However, “[a] judge’s mere belief that the movant is more likely to prevail at trial is not a sufficient basis for granting summary judgment.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Moreover, it simply may not matter that Plymouth Rock may, for the most part, have a meritorious defense to Kantorosinski’s claim. Section 34M of G.L.c. 90 provides that “ [i] f the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees” (emphasis supplied). Thus, the recovery of a small amount can lead to a significant overall judgment. Such may be result of combining the words “any amount,” “shall,” and “attorney’s fees” in the same sentence. That, however, was a legislative decision.
Accordingly, summary judgment in favor of Plymouth Rock is vacated, and the case is returned to the Salem District Court for trial of the plaintiff’s claim under G.L.c. 90, §34M.
So ordered.