Pierce, J.
On June 1,2003, Jean Wilson Deronette (“Deronette”) was injured in an automobile accident while covered by an automobile insurance policy issued by the defendant, Pilgrim Insurance Company (“Pilgrim”). The policy included personal injury protection (“PIP”) benefits. Following the accident, the plaintiff, Regional Rehabilitation Associates Management Corporation (“Regional Rehabilitation”), provided a course of physical therapy to Deronette. The treatment began June 5, 2003 and was completed on September 29,2003.
On September 2, 2003, Pilgrim received bills for services rendered by Regional Rehabilitation from June 5 to July 22, 2003. On October 20, 2003, Pilgrim received bills for services provided by Regional Rehabilitation from July 28 to September 29, 2003. The total amount of (lie bills was $3,290.00. On December 9, 2003, Pilgrim issued a payment to Regional Rehabilitation in the amount of $1,261.00.
Over twenty-one months later, on September 28, 2005, Pilgrim issued a second payment to Regional Rehabilitation in the amount of $1,750.00. The September 28 payment, for $279.00 less than the amount billed, was accompanied by a two-page record, purportedly prepared by a company named “Resurgent Medical,” showing the reduction in the charges submitted by Regional Rehabilitation, with the following explanation: “The total charges by all providers on this claim exceeds the 80th percentile of total charges of all claims for patients treated for the same conditions.”
On June 21,2010, Regional Rehabilitation filed suit against Pilgrim alleging violations of G.L.c. 90, §34M. The parties have stipulated that the complaint, which is not part of the appellate record, also contained “counts for Breach of Contract, Good Faith and Fair Dealing, Violation of M. G. L. ch. 93A §11 and Violation of M. G. L. ch. 176D.” On December 28, 2010, Pilgrim filed a motion for summary judgment contending that Regional Rehabilitation’s claims were barred by the applicable statutes of limitations. The motion was accompanied by the affidavit of Alyssa Replogle (“Replogle”), the claims representative from Pilgrim responsible for overseeing the Deronette claim. Attached as an exhibit to the Replogle affidavit was the Resurgent Medical report referred to above, explaining the partial payment. On January 28,2011, Pilgrim’s summary judgment motion was allowed.
In March, 2011, Regional Rehabilitation filed a motion to reconsider pursuant to *183 Mass. R. Civ. P., Rule 60(b). On May 24,2011, that motion was allowed as to “Counts I and II.” We assume that count 1 was the §34M claim and that count 2 was a duplica-tive breach of contract claim.
On June 27,2011, Pilgrim issued a check to Regional Rehabilitation in the amount of $279.00, which Regional Rehabilitation returned without cashing. On July 11, 2011, Pilgrim filed a second motion for summary judgment, based on the provisions of Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001). In support of that motion, Pilgrim submitted a second affidavit of Replogle stating that on or about January 28, 2011, Replogle received notice that the court had allowed Pilgrim’s summary judgment motion based on the statute of limitations argument. The affidavit further stated that on or about June 1, 2011, Replogle learned that the court had reinstated Regional Rehabilitation’s §34M claim and, believing that a trial of the matter would be necessary and “taking into consideration that Pilgrim would certainly incur more than $279.00 in attorneys fees,” Pilgrim decided to pay the disputed amount. While the second Replogle affidavit did not include the Resurgent Medical document, it did recite that “Pilgrim continues to believe that the Plaintiff was not entitled to the additional payment of $279.00 and that Pilgrim paid all truly reasonable and necessary expenses.” On July 28, 2011, Pilgrim’s second summary judgment motion was allowed, and Regional Rehabilitation appealed that order. Pilgrim filed a cross appeal of the allowance of Regional Rehabilitation’s Rule 60(b) motion to reconsider.
1.First, we address the cross appeal. A motion for relief under Rule 60 (b) is directed to the sound discretion of the motion judge and will not be reversed on appeal absent some abuse of discretion. Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 775 (2006). “The exercise of discretion in this regard involves the ‘absence of arbitrary determination, capricious disposition, or whimsical thinking.’” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920).
The statute of limitations applicable to actions to collect PIP benefits is six years. See G.L.c. 90, §34M and c. 260, §2. It is well established, however, that partial payment of an amount owed removes the bar of the statute of limitations on the theory that the payment is an acknowledgment of the existence of the indebtedness and raises an implied promise at that time to pay the balance. Credit Serv. Corp. v. Barker, 308 Mass. 476, 478 (1940). It is of no consequence that the payment is made after the statute has run. See Sutherland v. MacLeod, 311 Mass. 295, 297 (1942). In this case, Pilgrim’s September 28,2005 payment served to acknowledge its contractual obligation to Regional Rehabilitation. The trial court correctly concluded that the statute of limitations was tolled. There was no abuse of discretion, and the §34M claim was properly reinstated.
2. Next, we consider Regional Rehabilitation’s contention that the trial court erroneously allowed summary judgment for Pilgrim based on the June 27,2011 Fascione payment. Rule 56(c) of the Mass. R. Civ. P. states that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admissions ..., together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Where, as here, a PIP insurer moves for summary judgment after making a Fascione payment, it must “show that there is no genuine issue of fact concerning whether [the PIP insurer] had a valid reason not to *184 pay, and that it paid an invalid claim for reasons unrelated to its merits.” Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 136, 138.
In its second motion for summary judgment, Pilgrim did not rely solely on the fact that it had made a Fascione payment. The motion, supported by Replogle’s affidavit, set forth Pilgrim’s rationale for not initially paying the disputed amount. As in Metro West, the assertions by the insurer in this case, Pilgrim, were sufficient to shift the burden to the medical provider, Regional Rehabilitation, to “set forth specific facts” demonstrating a genuine issue for trial concerning the reasonableness of the charges submitted by Regional Rehabilitation.
To satisfy that Rule 56(c) obligation, Regional Rehabilitation submitted a package of medical records and bills for services provided to Deronette, together with the affidavit of Leah S. Gardner, P.T. (“Gardner”), pursuant to G.L.C. 233, §79G. The affidavit vouched for the accuracy of the attached records and explained that Gardner, a licensed physical therapist, herself provided some of the services to Deronette and that other treatments were provided by her assistant, Deborah Gardner. The initial evaluation, as well as two reevaluations of Deronette, were separately certified by Gardner. The §79G package also included a four-page invoice describing the treatment provided to Deronette from June 5, 2003 through September 29,2003, together with the amount charged for each of the services provided.
“In evaluating the materials presented to the motion judge, the inferences which may be drawn from the facts alleged are to be viewed ‘in the light most favorable to ... the parties opposing summary judgment.’” Davidson Pipe Supply Co. v. Johnson, 14 Mass. App. Ct. 518, 522 (1982), quoting Salem. Bldg. Supply Co. v. J.B.L. Constr. Co., 10 Mass. App. Ct. 360, 365 (1980). Viewing the evidence in this case in the light most favorable to Regional Rehabilitation, there are genuine issues of material fact as to the reasonableness of the charges.
Accordingly, the allowance of Regional Rehabilitation’s Rule 60(b) motion is affirmed. The. summary judgment entered for Pilgrim is vacated, and the case is returned to the Haverhill Division of the District Court Department for trial.
So ordered.