Wright, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal of the summary judgment entered against the plaintiff-medical provider on his G.L.c. 90, §34M claim for unpaid Personal Injury Protection (“PIP”) benefits.
The record indicates that on December 8, 1999, Thomas Coakley (“Coakley”) sustained injuries in an automobile accident while driving a motor vehicle insured by defendant Arnica Mutual Insurance Company (“Arnica”). Coakley received chiropractic treatment for his injuries from the plaintiff, Dr. Samuel Amari (“Amari”). Arnica ordered Coakley to undergo an “independent medical examination” (“IME”) on February 21, 2002, and hired Dr. Earl Hoerner (“Hoerner”), an orthopedic surgeon, to perform the exam. Hoerner opined that Coakley did not require further treatment beyond a “home based, self-administered program of wellness to maintain his range of motion.” Arnica received Hoerner’s IME report on February 29, 2000, and thereafter advised Coakley’s attorney that it would not pay PIP benefits for any medical services provided after the IME. Coakley continued treatment with Amari, incurring an additional $465.00 in medical expenses. Arnica declined to pay Amari’s bills for that post-IME treatment.
On April 17,2001, Amari filed a small claims complaint against Arnica to recover $465.00 in PIP payments, attorney’s fees and costs pursuant to G.L.c. 90, §34M. The action was transferred to the regular civil docket upon Arnica’s motion on August 24, 2001. On September 6, 2001, the Supreme Judicial Court issued its decision in Fascione v. CNA Insurance Cos., 435 Mass. 88 (2001), permitting automobile insurers to avoid statutory attorney’s fees and costs after a §34M action is commenced by making full PIP payment of the medical bills at issue before judgment is entered. On January 9, 2002, Arnica made a “business judgment” to avoid additional litigation costs by mailing a $465.00 check to Amari. On August 29, 2002, Arnica moved for summary judgment on the grounds that it had paid all outstanding medical bills submitted by Amari and there was thus no PIP “amount due and payable” which he could recover in this action. The motion was allowed, and this appeal by Amari followed.
Amari argues that the allowance of Arnica’s summary judgment motion was error because Arnica failed to satisfy its burden, as the Mass. R. Civ. R, Rule 56, moving party, of establishing that it was entitled to judgment in its favor as a matter of law because it had paid PIP benefits in full satisfaction of Amari’s G.L.C. 90, §34M claim. Amari does not deny that he received a $465.00 check from Arnica. He instead argues that this payment could not have constituted the PIP benefits sought in his complaint because the payment of such benefits is statutorily and contractually limited to insurance reimbursement for medical expenses which are “due and payable” under the automobile insurance policy, Revere Chiropractic & Rehabilitation v. The Concord Group Ins. Cos., 2001 Mass. App. Div. 237, 238, which are in *78 turn restricted to “reasonable” expenses for “necessary medical treatment, Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 71; that all of Arnica’s pleadings, affidavits, IME report and other responses to discovery submitted prior to its summary judgment motion claimed that Amari’s post-IME treatment of Coakley was not medically necessary; that Arnica is legally prohibited from paying PIP benefits for unnecessary medical treatment, Shah v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 210, 211; and that Arnica’s $450.00 payment to Amari thus failed to satisfy Amari’s G.L.C. 90, §34M claim for $465.00 in PIP benefits, attorney’s fees and costs.
Stated alternatively, Amari argues that an automobile insurer cannot refuse to pay a medical bill on the ground that the medical treatment was unnecessary, force the unsuccessful PIP claimant to file a §34M collection suit, and then avoid liability for §34M attorney’s fees and costs by paying the medical bill after the suit is filed, but before judgment is entered. The short answer to Amari’s contention is that §34M, as construed in Fascione v. CNA Ins. Cos., supra, permits an automobile insurer to do exactly that. Where an insurer makes full payment of all PIP benefits sought in a §34M complaint before judgment is entered, no PIP benefits remain “due and payable” to the plaintiff, and thus no “judgment for any amount due and payable,” G.L.C. 90, §34M, can be entered in favor of the plaintiff. In the absence of a judgment for PIP benefits, no attorney’s fees and costs can be awarded. Revere Chiropractic & Rehabilitation v. The Concord Group Ins. Cos., supra at 238. As no §34M judgment could be entered for Amari after Arnica paid all of the PIP benefits Amari sought, the trial court properly allowed Arnica’s motion for summary judgment in its favor.
Summary judgment for the defendant is affirmed.
So ordered.