Coven, J.
The plaintiff provided chiropractic services to an individual entitled to G.L.c. 90, §34M Personal Injury Protection (“PIP”) benefits under a standard Massachusetts automobile insurance policy. The defendant insurer refused to pay for a portion of those services, and made late payments for other services, some at a rate less than that sought by the plaintiff. The plaintiff responded by filing this action pursuant to G.L.c. 90, §34M and G.L.c. 93A §1L The latter claim sought recovery for alleged acts by the defendant that constitute unfair insurance practices under G.L.c. 176D, §3(9). Subsequent to the plaintiffs commencement of suit, the defendant tendered full payment of the money sought for the services performed. The payment extinguished the plaintiffs G.Lc. 90, §34M claim.[1] The case then proceeded to a jury-waived trial on the plaintiffs G.L.c. 93A, §11 claim. At the close of the evidence, the plaintiff submitted Mass. R. Civ. P., Rule 64A, requests for rulings of law, including a Rule 64A(b) request that the evidence warranted a finding in his favor. The warrant request was denied, and the plaintiff has appealed that ruling.
A request for a ruling of law “that is framed as a ‘warrant request must be allowed where any view of the evidence, credibility aside, would allow recovery by the requesting party.” Mercier v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 302, 303. The defendant concedes on this appeal that, if the plaintiffs §34M claim had proceeded to trial, the evidence would have warranted a finding in favor of the plaintiff for the defendants failure to make proper payment of PIP benefits. The defendant contends, however, that the evidence supporting a §34M recovery would not warrant a finding for the plaintiff on his G.L.c. 93A §11 claim, and that the denial of the plaintiff’s warrant request was, thus, proper.
It is clear that suit may be brought pursuant to G.L.c. 93A, §11 for unfair and deceptive insurance practices. Unlike §9(1) of G.Lc. 93A which establishes a right of action for acts and practices declared unfair and deceptive by G.L.c. 176D, §3(9), §11 of G.Lc. 93A does not create an independent right of action for unfair actions by an insurer. Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 754 (1993); Cruickshank v. Commerce Ins. Co., 2004 Mass. App. Div. 103 n.4. However, recovery may be had under §11 for acts which violate §2. Section 2(a) of G.L.c. 93A proscribes *140 “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” That definition includes those practices by an insurer which are declared unfair and deceptive by G.L.c. 176D, §3(9).
In ruling on the plaintiffs’ Rule 64A requests, the trial judge found that the plaintiffs charges of $42.00 for chiropractic manipulation and $145.00 for a new patienfs first office visit were each “clearly valid” and that the defendant knew that each charge was “clearly valid before th[e] action was commenced.” Thus, the record indicates that a finding in favor of the plaintiff on his G.L.c. 93A, §11 claim was warranted, although not required, and that the trial courf s denial of the plaintiffs warrant request was error. It may well be a violation of G.L.c. 93A, §11 and G.L.c. 176D, §3(9) (f) to force a party to institute litigation to collect upon a valid claim. R. W. Granger & Sons v.J & S Insulation, Inc., 435 Mass. 66, 78 (2001).[2]
Accordingly, the judgment for the defendant is vacated, and this action is returned to the Lawrence Division for a new trial.
So ordered.

 In Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), the Supreme Judicial Court held that once full payment is made, an insurer is not liable for statutory interest, costs and attorney’s fees. This is true even if the insurer’s payment is made after a claimant or health provider has been compelled to initiate a §34M civil suit to recover PIP benefits.

 The defendant initially reimbursed the plaintiff at a rate of $42.00 for each manipulation procedure, but, after a fee review, reduced its PIP payments to only $41.58 for each manipulation. The plaintiff contends that based on the testimony of the defendant s agent that the plaintiffs $42.00 charge was reasonable, the defendant’s conduct in paying only $41.58 for the service in question was, as a matter of law, unfair and deceptive. As a new trial is in order because of the court’s denial of the plaintiff’s warrant request, it is unnecessary to address this issue.