Brant, J.
Essex Chiropractic Office, LLC (“Essex”) provided chiropractic services to Karla Wrenn (“Wrenn”) and Brunilda Santiago (“Santiago”), insureds of Plymouth Rock Assurance Corporation (“Plymouth Rock”), to treat injuries each claimed to have suffered in separate motor vehicle accidents. Plymouth Rock refused to pay $914.27 for Personal Injury Protection (“PIP”) bills submitted for the treatment Essex had provided to Wrenn, and it refused to pay $911.00 for PIP bills submitted on behalf of Santiago.
Essex brought suit against Plymouth Rock pursuant to G.Lc. 90, §34M and c. 93A, seeking payment for its services and attorney’s fees. Plymouth Rock initially defended the cases.
Before trial, Plymouth Rock’s counsel sent counsel for Essex two checks payable to Essex equal to the outstanding balance due for each patient’s treatment. The checks were accompanied by a cover letter that stated that the PIP payments were being made because Plymouth Rock had elected not to contest the legal issues between the parties. In a separate paragraph, the letter[1] stated that there was no rea *270 son to proceed with the litigation and that stipulations of dismissal were enclosed. The proposed stipulations provided “that the above-captioned action be dismissed with prejudice, with each party to bear its own costs and attorney’s fees with all rights of appeal waived and notice under Rule 77 waived.”
Counsel for Essex did not sign the stipulations of dismissal and returned the checks uncashed with a letter stating, “Your client’s settlement offer is rejected.”
Plymouth Rock then moved for partial summary judgment on the §34M claims, and Essex filed a cross motion for summary judgment on the issue. After argument, the judge granted Plymouth Rock’s motion and denied the cross motion filed by Essex.[2] Essex appealed.
In Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), the Supreme Judicial Court held that an insurance company could “avoid statutory attorney’s fees and costs after a §34M action is commenced by making full PIP payment of the medical bills at issue before judgment is entered.” Amari v. Amica Ins. Co., 2003 Mass. App. Div. 77. See also Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68, 69. “This is true even if the insurer’s payment is made after a claimant or health provider has been compelled to initiate a §34M civil suit to recover PIP benefits.” Amari v. Plymouth Rock Assur. Corp., 2007 Mass. App. Div. 139 n.1.
Essex argues that because Plymouth Rock sent the payments to it along with stipulations of dismissal that would have extinguished its additional c. 93A count, the company did not make payment of the PIP claims. That argument is clearly specious. We have previously held that “ [u] nder Fascione, the defendant’s tender of a full PIP payment extinguished the plaintiff’s §34M claim” (emphasis added). Kratzer v. Liberty Mut. Ins. Co., 2003 Mass. App. Div. 87, 89.
Here, the letter from Plymouth Rock’s counsel contained two paragraphs with different legal significance. The first paragraph referred to the enclosed checks and stated that the disputed amounts of money were being paid to avoid further litigation of the PIP claims. The second paragraph, which referred to the enclosed proposed stipulations of dismissal, encouraged Essex to abandon its c. 93A claims.
Essex was under no compulsion to sign the stipulations of dismissal and abandon its c. 93A claims. But it would be an absurd result if a medical provider were able to defeat the holding of Fascione merely by rejecting the tender of full payment of a PIP claim. Plymouth Rock satisfied its obligations under §34M when it sent full payment of the disputed amounts to counsel for Essex.
Therefore, the judge properly granted summary judgment to Plymouth Rock on the §34M count.
Affirmed.
So ordered.

 In its brief, Plymouth Rock filed a “supplemental appendix” of additional correspondence between the parties. Since these materials were not submitted to the trial judge, we agree with Essex that they should be stricken from the appellate record.

 The c. 93A count later went to trial with a verdict for Plymouth Rock. Essex did not appeal that verdict.