Brant, J.
Barron Chiropractic & Rehabilitation, P.C. (“Barron”) brought this suit in 2007 against Premier Insurance Company of Massachusetts (“Premier”) to recover (1) payment pursuant to G.L.c. 90, §34M of Personal Injury Protection (“PIP”) benefits for medical services provided to Courtney Woods (“Woods”), injured while riding as a passenger in a car operated by Premier’s insured, and (2) attorney’s fees and costs pursuant to G.L.c. 93Afor Premier’s allegedly unfair and deceptive denial of Barron’s PIP claim.
Premier initially defended the case and moved for summary judgment on the ground that Woods’ failure to attend several scheduled independent medical examinations (“IMEs”) constituted noncooperation with its investigation. The trial court allowed Premier’s motion, and Barron appealed to this Division. We vacated the summary judgment for Premier and returned the case to the trial court because the record before us failed to establish as a matter of law that Woods had ever received notice of the IMEs. Barron Chiropractic & Rehabilitation, P.C. v. Premier Ins. Co. of Mass., 2009 Mass. App. Div. 1, 4.
Approximately six months after our January 21, 2009 decision, Premier tendered a check to Barron for the entire amount of the outstanding balance on Barron’s PIP claim. Premier then moved again for summary judgment, and filed the supporting affidavits of its employee who was in charge of Barron’s file and of its attorney. The employee’s affidavit stated that Premier had made a business decision to pay Barron’s claim, and that he had requested the necessary check to pay the claim. The attorney’s affidavit stated that he had mailed the check to Barron. The check itself was not produced.
Barron opposed Premier’s summary judgment motion, moved to strike Premier’s affidavits, and filed a cross motion for summary judgment. The judge allowed Premier’s motion, denied both of Barron’s motions, and entered summary judgment for Premier. Barron filed this appeal.
1.There was no error in the denial of Barron’s motion to strike Premier’s Mass. R. Civ. E, Rule 56 affidavits. Both of the affidavits were made under the pains and penalties of perjury and were based on the personal knowledge of the affiants. Thus, the affidavits satisfied Rule 56(e) requirements. TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 11-12 (1999).
*124 Barron also argues that Premier’s failure to attach the check issued to Barron required striking the affidavits based on that portion of Rule 56(e) that mandates: “Sworn or certified copies of all papers ... referred to in an affidavit shall be attached thereto.” While Premier should have attached the check to one or both of the affidavits, failure to have done so did not invalidate the affidavits. The judge remained free to credit the averments of payment to Barron even in the absence of the check referenced in the affidavits. Beal Bank SSB v. Eurich, 444 Mass. 813, 815-816 (2005); Bank of America, N.A. v. Sheehy, 2009 Mass. App. Div. 87, 88.
2. The motion judge also properly allowed Premier’s summary judgment motion on Barron’s G.L.c. 90, §34M claim. Premier’s full payment to Barron of that claim “extinguished [Barron’s] claim under G.L.c. 90, §34M.” Provenzano v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 68, 69. See Boehm v. Hanover Ins. Co., 2009 Mass. App. Div. 73 n. 1. In Fascione v. CNA Ins. Co., 435 Mass. 88 (2001), the Supreme Judicial Court held that an insurance company could “avoid statutory attorney’s fees and costs after a §34M action is commenced by making full PIP payment of the medical bills at issue before judgment is entered.” Amari v. Amica Ins. Co., 2003 Mass. App. Div. 77, citing Fascione, supra. “This is true even if the insurer’s payment is made after a claimant or health provider has been compelled to initiate a §34M civil suit to recover PIP benefits.” Amari v. Plymouth Rock Assur. Corp., 2007 Mass. App. Div. 139 n.1.
Barron failed to submit an affidavit in support of its summary judgment motion, or any counteraffidavit in opposition to Premier’s motion, to establish a genuine issue of fact as to Premier’s payment of Barron’s §34M claim.
3. Finally, there was no error in the entry of summary judgment in favor of Premier on Barron’s G.L.c. 93A claim. Premier’s supporting affidavit stated that the insurer had denied Barron’s PIP claim on the basis of Woods’ failure to appear for two scheduled IMEs.[1] See Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 343 (1994). This was sufficient to shift the burden, Smith v. Massimiano, 414 Mass. 81, 85-86 (1993), to Barron to demonstrate a triable issue of fact on its claim that Premier’s conduct was unfair and deceptive in violation of G.L.c. 93A, §11.
In satisfying that burden, Barron was not permitted simply to “rest upon mere allegations or denials of [its] pleadings,” Rule 56(e), but was obligated to advance specific facts demonstrating the existence of a triable issue of whether Premier’s conduct violated G.Lc. 93A, §11. As noted, however, Barron failed to submit any Rule 56 affidavits, or any other admissible evidence, to identify a genuine question of material fact as to Premier’s bad faith or unfair and deceptive conduct amounting to a violation of G.L.c. 93A, §11. See generally Baldwin v. Mortimer, 403 Mass. 142, 143-144 (1988); McGrath v. ACT, Inc., 2008 Mass. App. Div. 257, 257-258. Barron’s complaint was unverified and, thus, had no evidentiary weight in the trial courfs *125 Rule 56 determination. Mathers v. Midland-Ross Corp., 403 Mass. 688, 691 (1989); Universal Health Servs., Inc. v. Corcoran, 28 Mass. App. Ct 959, 960 (1990). Barron’s own cross motion was not sufficient to establish that it was entitled to judgment in its favor as a matter of law. Barron never filed a Mass. R. Civ. R, Rule 56(f) motion to conduct any additional discovery needed to defend against Premier’s summary judgment motion. In the absence of anything from Barron beyond legal argument, the motion judge was required to decide the summary judgment motions on the basis of Premier’s Rule 56 materials. Based on the parties’ submissions, there was no error in the entry of summary judgment for Premier.
Judgment affirmed.
So ordered.

 As noted, this Division concluded that questions about the adequacy of the IME notices to Woods precluded summary judgment in favor of Premier on Barron’s G.L.c. 90, §34M claim. Our decision did not, however, prevent Premier from demonstrating that it denied Barron’s PIP claim based on its reasonable, but mistaken, determination of Woods’ noncooperation, and that it, thus, was not liable for unfair and deceptive acts as alleged in Premier’s G.L.c. 93A claim.