Greco, P.J.
This is still another appeal by the medical provider Metro West Medical Associates, Inc. (“Metro West”) of the allowance of summary judgment for the defendant-insurer, The Concord Group Insurance Company (“Concord”), on an unpaid claim for Personal Injury Protection (“PIP”) payments of medical bills for Metro West’s treatment of Concord’s insured. As was the scenario in the other cases, Metro West made an initial claim (here, for $800.00), Concord paid a portion of that claim ($383.00), denied the balance ($417.00), but then paid the balance approximately three months after Metro West commenced this litigation in 2009. The medical services were provided in 2003.
Although Concord did not file a cross appeal, it argues in its brief that this appeal filed by Metro West was not timely. However, the docket entries in the trial court reflect that summary judgment was issued on November 9, 2009, and that Metro West filed a notice of appeal on November 19, 2009, followed by a notice of an expedited appeal fifteen days later. See Dist./Mun. Cts. R. A D. A, Rules 3(a), 4(a), and 8A(a). Thus, Metro West’s appeal is timely. We note that Concord filed a later, and thus ineffective, opposition to Metro West’s expedited appeal on December 17,2009. See Rule 8A(b). In any event, Concord’s incorrect opposition in its brief appears to be based on its erroneous argument of untimeliness rather than on any objection to *143 proceeding under Rule 8A. Further, as a purely practical matter, even if Concord’s Rule 8A opposition had been timely and Metro West had been forced to proceed under Rule 8C, the record on appeal would have been essentially the same given that this case was decided on summary judgment.
In its motion for summary judgment, Concord simply stated that it had “tendered” the disputed PIP amount “pursuant to Fascione v. CNA Ins. Cos., 435 Mass. 88, 94 (2001).” It filed a memorandum of law in support of its motion to which were attached unidentified exhibits. We are left to guess that these exhibits are copies of records from an outside entity that conducts reviews of medical records. However, in its supporting memorandum of law, Concord did not refer to these records. In fact, it “reserve [d] the right to dispute the reasonableness of the Plaintiffs medical records and bills.” The one affidavit filed by Concord in support of its summary judgment motion was from its attorney. It recited the amount of Metro West’s medical bills, the payments made by Concord, and Metro West’s response. There was no reference to any medical review of the bills submitted. Thus, in even more stark terms than presented in Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. (App. Div. No. 10-ADMS-10007), the PIP insurer in this case is suggesting that years after medical services were provided (seven years) it may simply pay the bills without suffering the consequences set out in G.L.c. 90, §34M and without in any way being obligated to explain why it was justified in initially denying the claim and continuing to delay payment. We do acknowledge, however, some bewilderment as to why this action was not brought until 2009.
In these circumstances, we conclude that summary judgment was not justified. To rule otherwise would fly in the face of the purpose of the no-fault insurance law, “to provide a prompt, inexpensive means of reimbursing claimants for out-of-pocket expenses, and to address the high cost of motor vehicle insurance in the Commonwealth.” Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 198 (1981). As we said in Metro Wed Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. _ (App. Div. No. 10-ADMS-10009), [i]t would not be inconsistent with the holding in Fasdoneto require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits....” Here, Concord woefully failed to make such a showing.
Accordingly, summary judgment for the defendant is vacated. The case is returned to the Haverhill Division of the District Court Department for trial. Thus, we need not address whether the plaintiff’s motion to amend its complaint was properly denied.
So ordered.