Greco, P.J.
Howard Physical Therapy (“Howard”) has appealed the allowance of summary judgment for the defendant, Premier Insurance Company (“Premier”), and the denial of its motion to amend its complaint to add a count for Premier’s alleged violation of the Consumer Protection Act, G.L.c. 93A §§2 and 11. Howard alleged in its complaint that it provided medical services to Joel Dasilva (“Dasilva”) for injuries he suffered in a motor vehicle accident, and that it was entitled to payment for those services under the personal injury protection (“PIP”) benefits provisions of Dasilva’s automobile insurance policy with Premier.
The following sequence of events, from the accident to the payment of this claim by Premier, is set forth in an affidavit submitted by Premier in support of its summary judgment motion. The automobile accident occurred on December 19, 2004. On February 16, 2005, Premier received from Howard bills in the amount of $2,170.00 for services rendered to Dasilva from December 27,2004 through January 29,2005. Five days later, Premier paid $1,770.36 of those bills, taking the position that the balance of $399.64 was unreasonable upon “review by an outside company.” On March 3, 2005, Premier submitted another $560.00 in bills for treatment provided from February 7,2005 through February 17, 2005. Four days later, Premier paid $446.36 of those bills, again taking the position that the balance of $113.64 had been found to be unreasonable upon review. The checks for those payments were never rejected, or returned, by Howard.
On November 19, 2009 — over four years and eight months after Premier’s last payment — Howard commenced this action. Premier’s affidavit also alleges that from March 7, 2005 to the filing of the complaint, neither Howard, nor its attorney, contacted Premier about any amounts not paid in 2005. Sixteen days after the filing of the complaint, Premier offered to pay Howard $753.28, representing the unpaid amounts from 2005 ($513.28), plus the costs incurred by Howard in filing and serving its complaint to commence this action. Howard rejected that offer, whereupon Premier sent it a check for only the unpaid bill amounts.
*194 In opposition to Premier’s summary judgment motion, Howard filed the affidavit of its attorney to which, according to the attorney, were attached as exhibits a copy of the $513.28 check sent by Premier after this complaint was filed, a copy of a letter from Howard to Premier rejecting that payment, and a G.L.c. 93A demand letter. No such exhibits were actually attached. Instead, attached to the affidavit in opposition were what appear to be Howard’s records listing the dates and charges for Dasilva’s treatment. The rejection and demand letter appear as attachments to Howard’s memorandum in opposition to summary judgment.
1. Pursuant to Mass. R. Civ. P., Rule 56(c), summary judgment “shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and responses to requests for admissions ..., together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” If such a showing is made, “an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” Rule 56(e).
Premier contends, relying on Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), that it is entitled to summary judgment because it has paid all of Howard’s bills for services provided. However, we have stated that “[n]othing in Fasdone dictates that a tender of the balance due under [a] §34M claim must necessarily stop that part of the litigation in its tracks.” Metro West Med. Assocs. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 137, 139. We stated further that “[i]t would not be inconsistent with the holding in Fascione to require that the insurer” on a §34M claim also “show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits....” Id Thus, the mere payment of the balance, in and of itself, would not justify summary judgment for Premier.
Premier appears to be also claiming that it was initially justified in paying only what amounted to approximately eighty (80%) percent of the bills based on a review of the bills by “an outside company.” However, §34M provides:
No insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of chapter one hundred and twelve, if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill..., unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of [Chapter 112] as the practitioner who submitted the bill for medical services.
First, there is no indication that Premier submitted these bills for the type of review provided for in the statute. In the absence of any demonstration of such review, the summary judgment burden never shifted to Howard to make a response. Second, since the type of review conducted by Premier was not a valid reason for refusing to pay the full amount of the bills submitted, summary judgment would not have been justified on this basis either. Accordingly, the allowance Premier’s summary judgment motion must be vacated.
*195 2. Even though this case must be returned to the trial court for trial on Howard’s §34M claim, we conclude that there was no error in denying Howard’s motion to amend its complaint so as to add a count under G.L.c. 93A. Premier promptly paid eighty (80%) percent of Howard’s bills on the two occasions they were submitted shortly after the accident. Four years and eight months went by before Howard, by commencing this action, indicated its dissatisfaction with those amounts for the first time. Only sixteen days after the complaint was filed, Premier offered to pay both the balance of the bills and Premier’s costs. Premier rejected that offer. While Mass. R. Civ. R, Rule 15(a) provides that leave to amend a complaint “shall be freely given when justice so requires,” one of the justifications for denying such a motion is the “futility” of the amendment. Vakil v. Vakil, 450 Mass. 411, 417 (2008). In this case, the relevant facts simply do not rise to the level of a G.L.c. 93A claim. Premier took a position about the reasonableness of the bills, and sent a check for eighty (80%) percent of the amount Howard sought. There was nothing unusual, unfair, or deceptive about Premier’s position. Section 34M contemplates the possibility of a medical review of bills and services. In view of the lack of a response from Howard, Premier could well have concluded that Howard was satisfied with the eighty (80%) percent payment and chose not to pursue the matter any further. In any event, when it became evident by virtue of the filing of this lawsuit that Howard was not satisfied with the amount previously paid, Premier quickly responded by making further payment, which was then rejected. On these facts, a trial judge could conclude that it is highly unlikely that “a fair-minded jury could return a verdict for the plaintiff on the evidence presented.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In the circumstances of this case, there was no abuse of discretion in the trial judge’s denial of Howard’s motion to amend its complaint.
Accordingly, summary judgment for the defendant, Premier Insurance Company, is vacated.[2] The matter is returned to the Salem Division of the District Court Department for trial of the plaintiff’s G.L.c. 90, §34M claim.
So ordered.

 In view of the result reached, Premier’s Dist./Mun. Cts. R. A. D. A., Rule 25, motion for costs and attorney’s fees is denied.