Greco, RJ.
These cases all raise the same issue of whether the trial judge erred in granting summary judgment in favor of Premier Insurance Company. The same law firm represents Metro West Medical Associates (“Metro West”) and Regional Rehabilitation Associates Management Corporation (“Regional Rehab.”), which both provide chiropractic services. The same lawyer represents Premier Insurance Company (“Premier”), an insurer that provides to its insureds personal injury protection (“PIP”) benefits. The scenario in all seven cases is remarkably similar, but for some dates and dollar amounts. Consequently, we will address these cases in one opinion. As set out below, in each case, there was a motor vehicle accident as a result of which a party insured by Premier was treated by Metro West or Regional Rehab., which then, sitting in the shoes of the injured party pursuant to G.L.c. 90, §34M, submitted a claim to Premier for payment for those services.
In case No. 10-10042, the accident occurred on January 14,2006. Metro West submitted a claim to Premier in the amount of $1,350.00 for services it provided from January 27, 2006 to April 14, 2006. On May 24, 2006, Premier paid $434.03 of that *73 amount. On July 20, 2009, Metro West filed its complaint to recover the balance of the claim. On March 15, 2010, Premier sent Metro West a check for the balance sought in the original claim, which Metro West returned.
In case No. 10-10043, the accident occurred on December 20, 2005. Metro West submitted a claim to Premier in the amount of $1,025.00 for services it provided from January 18, 2006 to April 3, 2006. On or before May 17, 2006, Premier paid $369.86 of that amount. On July 20, 2009, Metro West filed its complaint to recover the balance of the claim. On March 15,2010, Premier sent Metro West a check for the balance sought in the original claim, which Metro West returned.
In case No. 10-10044, the accident occurred on December 9, 2005. Metro West submitted a claim to Premier in the amount of $425.00 for services it provided on January 30,2006. On March 23, 2006, Premier paid $262.00 of that amount. On July 20, 2009, Metro West filed its complaint to recover the balance of the claim. On March 15,2010, Premier sent Metro West a check for the balance sought in the original claim, which Metro West returned.
In case No. 10-10045, the accident occurred on January 24,2006. Regional Rehab, submitted a claim to Premier in the amount of $1,956.00 for services it provided from January 30, 2006 to April 21, 2006. On May 24, 2006, Premier paid $1,504.16 of that amount. On July 20,2009, Regional Rehab, filed its complaint to recover the balance of the claim. On March 15, 2010, Premier sent Regional Rehab, a check for the balance sought in the original claim, which Regional Rehab, returned.
In case No. 10-10046, the accident occurred on December 20, 2005. Regional Rehab, submitted a claim to Premier in the amount of $2,944.00 for services it provided from January 16, 2006 to February 23, 2006. On April 28, 2006, Premier paid $2,574.92 of that amount. On July 20, 2009, Regional Rehab, filed its complaint to recover the balance of the claim. On March 18, 2010, Premier sent Regional Rehab, a check for the balance sought in the original claim, which Regional Rehab, returned.
In case No. 10-10047, the accident occurred on June 28,2005. Metro West submitted a claim to Premier in the amount of $700.00 for services it provided from July 8, 2005 to August 26,2005. On February 15,2006, Premier paid $244.80 of that amount. On July 24, 2009, Metro West filed its complaint to recover the balance of the claim. On March 15, 2010, Premier sent Metro West a check for the balance sought in the original claim, which Metro West returned.
In case No. 10-10048, the accident occurred on December 9, 2005. Metro West submitted a claim to Premier in the amount of $750.00 for services it provided from January 31, 2006 to February 27, 2006. On April 24, 2006, Premier paid $263.19 of that amount. On July 24,2009, Metro West filed its complaint to recover the balance of the claim. On March 18, 2010, Premier sent Metro West a check for the balance sought in the original claim, which Metro West returned.[1]
*74 The complaints all alleged violations of G.L.c. 90, §34M for failure to pay the full amount of the claim, breach of contract, and violation of the implied covenants of good faith and fair dealing. (The last two counts were intricately tied to the §34M count.) From thereon, the seven cases proceeded on an identical track. In March of 2010, the plaintiff in each case filed a motion to amend its complaint to add counts under the Consumer Protection Act, Chapter 93A, and under Chapter 176D, alleging an unfair claim settlement practice. A month later, Premier filed identical motions for summary judgment in all seven cases. In those motions, Premier, relying on Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), argued that once the plaintiffs were ultimately paid the full amount originally sought in the claims submitted, the plaintiffs were no longer entitled to proceed with their claims pursuant to §34M, notwithstanding that these balances were paid four or five years after the claims had been made and approximately three years after the plaintiffs had commenced litigation. Premier also argued that, in any event, the plaintiffs had failed “to set out any specific allegations that Premier engaged in bad faith with specific intent to unfairly leverage the contract terms for an undue economic advantage.”
In support of its motions for summary judgment, Premier filed two affidavits. Each was essentially identical for all seven cases, but for some dates and dollar numbers. The first affidavit was from LuCille Perry (“Perry”), identified as an employee of Premier with personal knowledge of these claims. She avers that, in each case, Premier initially “did not pay the full amount of the bills as the charges were determined to be unreasonable in amount after a review by an outside company.” However, rather than proceed with litigation, Premier made “a good faith business decision to pay [the balance] pursuant to the Fascione decision.” Premier’s counsel in these actions filed the other affidavit in which he reviewed the unsuccessful settlement discussions that took place between the parties leading up to the payment of the balance. Attached to Premier’s affidavits were records of BME Gateway (“Gateway”), an entity identified as being in the business of “medical evaluations” and “medical services,” for each of the injured parties in these seven cases. Each individual record indicates the nature of the injury alleged, the dates and time required for each service provided, the amount sought by the provider for the procedure, and the fee deemed reasonable by Gateway with the notation that “[allowable fees are calculated according to geographical and economical zones.”
In response to Premier’s motion for summary judgment, Metro West and Regional Rehab, filed essentially identical memoranda and affidavits of their attorney. In the affidavits, counsel simply refers to the pleadings, the settlement offer, the checks sent by Premier for the balance of the claim, the rejection of those checks, and the plaintiffs’ Chapter 93A demand letters.
“Summary judgment is appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.” Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001). See Mass. R. Civ. R, Rule 56(c). Where, as here, the moving party, Premier, would not have the burden of proof at trial, it “is entitled to summary judgment if [it] demonstrates, by reference to material described in... [Rule] 56 (c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. To be successful, a moving party need not submit affirmative evidence *75 to negate one or more elements of the other party’s claim.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If such a showing is made, the nonmoving parties, here Metro West and Regional Rehab., “may not rest upon the mere allegations ... of [their] pleadingfs], but [their] responsefs], by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.” Rule 56(e). See also LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In opposing summary judgment, neither Metro West, nor Regional Rehab., moved to strike the affidavits filed by Premier. See Fowles v. Lingos, 30 Mass. App. Ct. 435, 439-440 (1991). (“If a party does not move to strike the defective portion of an opponent’s affidavit, a judge may, in his discretion, rely on the defective portions.”). In their memoranda in opposition, they do argue that Perry is not employed by Gateway and has no personal knowledge of how Gateway “evaluated the Plaintiff’s invoices or the manner in which the re-pricing is conducted,” thus rendering her affidavit “defective because it contains rank hearsay which would be inadmissible at trial.” However, Perry had personal knowledge of Premier’s records and the results of the Gateway review. There is no indication that the Gateway document would not be admissible at a trial as a business record, and it could be inferred from that record that it was based on a survey of providers in the relevant geographical area and, thus, complied with the mandate in §34M to submit bills for a medical review. Although it is a close call, Premier’s submissions were thus sufficient to shift the burden to Metro West and Regional Rehab. In that regard, it is somewhat bewildering, however, why it had to be so close and why it is necessary to resort to inferences. Precise information about these code numbers, the number of bills compared, and how Premier arrived at dollar amounts paid for the bills submitted by Metro West and Regional Rehab, would seem to have been readily available. On the other hand, the providers failed to submit any affidavits in opposition to summary judgment explaining why their bills were reasonable or what other providers in their area charged for similar services. Such information would also seem readily available. In these circumstances, neither Metro West, nor Regional Rehab., satisfied their burden to “set forth facts” showing that there would be a genuine issue at trial concerning the necessity and reasonableness of the bills. Accordingly, summary judgment was properly awarded.[2]
Finally, we also find that the trial court did not err in denying the motions to amend the various complaints. We are mindful that the Supreme Judicial Court has stated that Mass. R. Civ. P., Rule 15(a) “eliminated the once broad discretionary authority of a judge to deny a motion to amend a pleading.” Hamed v. Fadili, 408 *76 Mass. 100, 105 (1990), quoting Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 289 (1977). However, the futility of the amendment sought has been recognized as a reason to deny such a motion. See Vakil v. Vakil, 450 Mass. 411, 417 (2008). Here, the proposed new claims under Chapters 93A and 176D raise the same issues as the claims under §34M upon which the trial judge awarded summary judgment. As noted above, neither Metro West, nor Regional Rehab., submitted affidavits in opposition to the materials filed by Premier explaining its basis not to pay, initially, the full amount of the claims. Moreover, these cases were brought several years after the Fascione decision where the Supreme Judicial Court alluded to the availability of a Chapter 93A claim as an additional method of recovery. Fascione, supra at 95 n.6. Finally, in none of these cases has the statute of limitations run out.
Accordingly, the award of summary judgment in favor of Premier as well as the denial of the motions to amend in these seven cases are affirmed.
So ordered.

 Thus, in all seven cases, the providers did nothing to indicate any dissatisfaction with the amount Premier initially paid. Over three years elapsed before the complaints were filed (five on July 20, 2009, and two on July 24, 2009). However, when the balances of the claims were paid, the providers indicated their dissatisfaction by returning the checks.

 Premier’s other argument for summary judgment pursuant to Fascione has been rejected by this Division in Metro West. Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 137, where it was stated that it “would not be inconsistent with the holding in Fascione to require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits.” Id. at 139. See also Olympic Physical Therapy v. ELCO Admin. Servs., 2010 Mass. App. Div. 171, 173 n.1.