Merrick, J.
The plaintiff, Barron Chiropractic & Rehabilitation, P.C. (“Barron”), provided chiropractic treatment to its patient, Nicole Jean Pierre, for injuries arising out of a motor vehicle accident in which the patient was an occupant of a vehicle insured by the defendant, Norfolk & Dedham Group (“Norfolk & Dedham”). Barron alleges that it is an “unpaid party” under G.L.c. 90, §34M because Norfolk & Dedham has failed to pay its reasonable charges for that treatment under the personal injury protection (“PIP”) coverage of the standard Massachusetts automobile policy.
Norfolk & Dedham had an independent medical examination (“IME”) of the patient conducted by a chiropractor, Kevin Morgan, D.C. (“Morgan”), based upon which it notified the patient’s counsel that the necessity for treatment would end as of October 27, 2012. Barron submitted a report with a conflicting view, and Morgan provided a rebuttal, confirming his earlier position.
Norfolk & Dedham also arranged for a review of the charges for Barron’s chiropractic services by BME Gateway, an independent company that maintained a database of usual and customary charges for services in different geographical areas. Pursuant to the results of that analysis, Norfolk & Dedham reduced its payment to Barron for treatment before the cutoff date by $64.05. Norfolk & Dedham also declined to pay $1,480.00 in charges for treatment after the cutoff date set by the IME. The total of unpaid charges was $1,544.05.
On December 1, 2009, Barron commenced this action, seeking in count 1, payment of its unpaid charges and attorney’s fees under G.L.c. 90, §34M; in count 2, multiple damages and attorney’s fees under G.L.c. 93A, §11, for alleged unfair and deceptive practices in the handling of the insurance claim; and in count 3, under G.L.c. 93A, §§9 and 11, for violations of G.L.c. 176D, §3(9)[1]
Prior to a scheduled trial of this action, Norfolk & Dedham was advised that Morgan’s fee for appearance as an expert witness would be $500.00 per hour. Thereafter, on September 28, 2010, Norfolk & Dedham’s counsel sent to Barron’s *77 counsel a letter enclosing a check in the amount of $1,544.05 and a stipulation of dismissal of the claim under §34M, and stating that the payment was made pursuant to Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001). While nothing on the check purported to limit it, an attached check stub identified the check as “FULL AND FINAL SETTLEMENT FOR NICOLE JEAN PIERRE.” On October 12,2010, Barron’s counsel sent the check back to Norfolk & Dedham’s counsel with a letter stating, “Your client’s offer of settlement is rejected.”
Norfolk & Dedham filed a motion for summary judgment with supporting affidavits. Barron filed an opposition and a motion to strike so much of the affidavit of Norfolk & Dedham’s claim supervisor as recited the results of Morgan’s IME and the report of BME Gateway, as well as those reports themselves that were attached to the affidavit. After hearing, the motion judge allowed Norfolk & Dedham’s summary judgment motion and did not act on Barron’s motion to strike, effectively denying it. Barron has appealed on the record of proceedings under Dist./Mun. Cts. R. A. D. A., Rule 8C.
1. Barron argues that the judge erred in not striking certain portions of Norfolk & Dedham’s affidavit in support of summary judgment on the ground that they constitute hearsay. Among other things, the affidavit of Norfolk & Dedham’s claim supervisor recited that its original payment for this PIP claim was based on the IME reports and opinion of an independent chiropractor, who concluded that there was no therapeutic benefit to any additional treatment, and an analysis by BME Gateway that the customary and reasonable charges for treatment before the cutoff were $64.05 less than the amount billed by Barron. The affidavit further states that prior to trial and after consideration of proposed expert witness fees and attorney’s fees, Norfolk & Dedham decided to pay the balance of the bills sent to it from Barron, $1,544.05, as a business decision, although without admitting any liability for them, to avoid the costs of a trial.
Barron moved to strike as hearsay those portions of the affidavit reciting the statements of Morgan and BME Gateway and including their attached reports. Rule 56(e) of the Mass. R. Civ. P. provides that affidavits shall be “made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.” The specified facts stated in the affidavit are hearsay as to their truth and would not be admissible to prove the patient’s medical condition at the time of the IME or the customary and usual charges for the services rendered by Barron. However, as noted, Barron has also brought claims under G.L.c. 93A. “Resolution of a G.L.c. 93A claim, including the issue of bad faith, depends on a factual determination of the defendant’s knowledge and intent.” O’Leary-Alison v. Metropolitan Prop. & Cas. Ins. Co., 52 Mass. App. Ct. 214, 217 (2001). The statements as to the conclusions of the IME and the BME Gateway fee analysis are admissible to show the knowledge and intent of Norfolk & Dedham’s employees. Barron’s motion to strike the affidavit was properly denied.
2. Barron argues that summary judgment should have been denied on both the G.L.c. 90, §34M and G.L.c. 93A claims, at least as to the $64.05 not paid for services rendered before the IME, based on the fee review by BME Gateway because the fee review was not made by another chiropractor. Barron is not required to make a counter affidavit to such a review, it asserts, because a proper review can only be *78 done by another chiropractor under the following paragraph of c. 90, §34M:
[N]o insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of chapter one hundred and twelve, if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill..., unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of [Chapter 112] as the practitioner who submitted the bill for medical services.
Barron claims support for its position in an anomalous decision of the Northern District of the Appellate Division, Howard Physical Therapy, Inc. v. Premier Ins. Co., 2010 Mass. App. Div. 193, 194. To the extent the case may be interpreted as supporting that argument, we decline to follow it. We agree instead with two earlier decisions of the Northern District, affirmed by the Appeals Court, taking the opposite position. “When an insurer has conducted a fee review of the amount of the charge for a service, as opposed to the medical necessity of the service itself, no ‘peer review’ is necessary before the insurer pays only the amount of the charge which is deemed reasonable.” Ny v. Metropolitan Prop. & Cas. Ins. Co., 1998 Mass. App. Div. 179, 180, aff’d, 51 Mass. App. Ct. 471 (2001), citing Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 86-87, aff’d, 45 Mass. App. Ct. 1102 (1998).
There is a distinction to be made between a “medical review,” which is an analysis of the necessity of the treatment and must be performed, according to §34M, by a professional with the same license as the provider, and a “fee review,” which is a statistical analysis of the reasonableness of the charges for the service that insurers are required to perform to prevent fraud and “built-up” claims. Automobile Insurers Bur. of Mass. v. Commissioner of Ins., 415 Mass. 455, 461-462 (1993).
3. Barron’s remaining arguments concern the effect of the $1,544.05 payment of the balance originally billed by Barron after the suit was brought and just before trial, the “Fascione” payment, so-called because of the decision in Fascione v. CNA Ins. Cos., supra. The issue arises out of language in G.L.c. 90, § 34M, as amended by St. 1972, c. 319, which provides for an award of attorney’s fees where a plaintiff recovers “a judgment for any amount due and payable.”
In Fascione, the plaintiff, the driver of her own vehicle insured by CNA, was injured in an accident and submitted medical bills for her treatment for payment under her PIP coverage. CNA unintentionally failed to pay $1,573.00 of the bills and Fascione commenced an action under §34M. When the action was filed, CNA discovered its error and promptly paid the balance claimed. The parties filed cross motions for summary judgment, and a District Court judge ruled in favor of CNA. On Fascione’s appeal, the Northern District of the Appellate Division reversed in Fascione v. CNA Ins. Cos., 1997 Mass. App. Div. 132, ruling that Fascione was entitled to interest on the money from when it should have been paid until it was paid and that the judgment for interest would require assessment of attorney’s fees under §34M. On further appeal, a Superior Court judge ruled that the plaintiff was entitled to nominal damages for the late payment and, therefore, entitled to attorney’s fees under §34M. On still further appeal, the Supreme Judicial Court took direct appellate review.
*79 The Supreme Judicial Court reversed. The Court acknowledged that “ [i]f the unpaid party recovers ‘a judgment for any amount due and payable by the insurer,’ such party is entitled to costs and reasonable attorney’s fees.” Fascione, supra at 91, quoting G.L.c. 90, §34M, fourth par. However, applying principles of statutory construction, the Court ruled: “ [I] t is apparent that ‘a judgment for any amount due and payable,’ G.L.c. 90, §34M, fourth par., must mean a judgment for any PIP benefits due and payable, because the words ‘due and payable’ specifically refer to PIP benefits.” Id. at 92. The Court went on to state: “We thus conclude that ‘a judgment for any amount due and payable’ must be interpreted as ‘a judgment for any PIP benefits due and payable.’ It therefore does not include interest.” Id. at 93.
Barron argues that the Fascione decision is not implicated here because Norfolk & Dedham never tendered payment of the amount due and payable for PIP benefits. The payment tendered by Norfolk & Dedham was a check for $1,544.05, the full amount claimed as due and payable for PIP benefits under §34M, attached to a check stub to be detached stating “FULL AND FINAL SETTLEMENT FOR NICOLE JEAN PIERRE.” The check was sent with a cover letter from Norfolk & Dedham’s counsel, stating in the first paragraph that it was full payment of the amount owed to Barron under Fascione v. CNA Ins. Cos. and, in the second paragraph, requesting that the enclosed stipulation of dismissal “as to your client’s M.G.L.c. 90, §34M claim” be signed and filed. Barron’s attorney returned the check with a cover letter to Norfolk & Dedham’s counsel, stating “Your client’s offer of settlement is rejected.”
The check here did not include language constituting a release of any claim as in Goes v. Feldman, 8 Mass. App. Ct. 84, 91-92 (1979). Depositing the check would not have waived any claim by Barron. The request that the stipulation of dismissal be filed was not a condition at all, much less a release of any G.L.c. 93A claim. We cannot improve upon the description by the Northern District of an identical argument as “clearly specious” and its conclusion that “it would be an absurd result if a medical provider were able to defeat the holding of Fascione merely by rejecting the tender of full payment of a PIP claim.” Essex Chiropractic Office, LLC v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 269, 270. See also Kratzer v. Liberty Mut. Ins. Co., 2003 Mass. App. Div. 87, 89 (plaintiff not entitled to reject check for full balance of PIP claim to keep his §34M claim alive); Amari v. Amica Ins. Co., 2003 Mass. App. Div. 77, 78.
4. There are conflicting decisions in the Northern District of the Appellate Division on the subject of whether a payment after suit is brought for PIP benefits, but before judgment is entered, without more, disposes of the claim under G.L.c. 90, §34M, as interpreted by the Supreme Judicial Court’s Fascione decision. In this case, Barron relies on the Northern District’s ruling in Metro West Med. Assocs., Inc. v. Arnica Mut. Ins. Co., 2010 Mass. App. Div. 136.
Nothing in Fascione dictates that a tender of the balance due under the §34M claim must necessarily stop that part of the litigation in its tracks and require a judgment of zero damages — with the result that the injured party, or the provider, must bring a whole new type of action, with different elements, and arguably a more difficult burden of proof, especially for a provider that cannot prevail by simply making out a claim under G.L.c. *80 176D, but must prove that the insurer committed an ‘unfair or deceptive’ act under G.L.c. 93A. It would not be inconsistent with the holding in Fascione to require that the insurer on the §34M claim show more on summary judgment than simply that the bills have all been paid. It should also have to show that there is no genuine issue of fact concerning whether it had a valid reason not to pay, and that it paid an invalid claim for reasons unrelated to its merits, for example, to avoid the cost of litigation or to remove a potential liability off its books” (citation omitted).
Id. at 138.
We disagree with this ruling and decline to follow it. The state of mind or intentions of the insurer are not made relevant to a claim under §34M by either the statute itself or the Fascione decision. If PIP benefits are paid late, even if they are not paid until after suit is brought, there is no recovery under §34M. Even the Metro West decision stated that “clearly the holding in the [Fascione] case was based on the nature of the judgment, and not on the reason why CNA failed to make a timely payment.” Id. at 137. The Fascione decision itself advises that the remedy for improperly delayed payments is under G.L.c. 93A. Fascione, supra at 95-96. See Chery v. Metropolitan Prop. & Cas. Ins. Co., 79 Mass. App. Ct. 697, 698-699 (2011) (summary judgment on §34M claim proper because bills were paid even where question of fact remained on c. 93A claim as to whether payment was unreasonably delayed); Byron Hartunian M.D., P.C. v. Pilgrim Ins. Co., 2012 Mass. App. Div. 208.
We concur with those earlier decisions of the Northern District which, in our opinion, properly followed Fascione.
Stated alternatively, [the plaintiff provider] argues that an automobile insurer cannot refuse to pay a medical bill on the ground that the medical treatment was unnecessary, force the unsuccessful PIP claimant to file a §34M collection suit, and then avoid liability for §34M attorney’s fees and costs by paying the medical bill after the suit is filed, but before judgment is entered. The short answer to [that] contention is that §34M, as construed in Fascione v. CNA Ins. Cos. ..., permits an automobile insurer to do exactly that. Where an insurer makes full payment of all PIP benefits sought in a §34M complaint before judgment is entered, no PIP benefits remain ‘due and payable’ to the plaintiff, and thus no ‘judgment for any amount due and payable,’ G.L.c. 90, §34M, can be entered in favor of the plaintiff. In the absence of a judgment for PIP benefits, no attorney’s fees and costs can be awarded.
Amari v. Amica Ins. Co., 2003 Mass. App. Div. 77, 78 (payment made nearly nine months after suit). To the same effect, see Barron Chiropractic & Rehabilitation, P.C. v. Premier Ins. Co. of Mass., 2010 Mass. App. Div. 123, 124, and Revere Chiropractic & Rehabilitation v. Concord Group Ins. Cos., 2001 Mass. App. Div. 237, 238.
The Metro West decision expresses concern that, under the Fascione decision, “the injured party, or the provider, must bring a whole new type of action, with different elements, and arguably a more difficult burden of proof, especially for a provider that cannot prevail by simply making out a claim under G.L.c. 176D, but *81 must prove that the insurer committed an ‘unfair or deceptive’ act under G.L.c. 93A.” Metro West Med. Assocs., Inc., supra at 138. However, the plaintiffs burdens are not simplified by importing into the §34M case the issues of whether an insurer had a “valid reason” for its initial decision and a “business reason” for its decision to pay rather than go to trial. Moreover, the conduct proscribed in G.L.c. 176D, while not a per se violation recoverable under G.L.c. 93A, §11, may be found as a matter of fact to be actionable under §11. Byron V. Hartunian M.D., EC., supra at 211-213; Amari v. Plymouth Rock Assur. Corp., 2007 Mass. App. Div. 139.[2] That recovery of attorney’s fees for an improperly delayed PIP payment is more difficult for a provider because it is a business rather than a consumer, is not a basis for disregard of the Fascione decision.
Finally, the Metro West opinion does not deal with the other policy objectives considered by the Supreme Judicial Court in Fascione.
[T]he main objectives of the automobile insurance law, of which §34M is a critical part, were to reduce the amount of motor vehicle tort litigation, control the costs of automobile insurance, and ensure prompt payment of claimants’ medical and out-of-pocket expenses. Interpreting the statute to provide for costs and attorney’s fees only on the condition that the claimant recover a judgment for PIP benefits due and payable is consistent with these goals” (citation omitted).
Fascione, supra at 94.
While attempting to effectuate prompt payments, the Metro West opinion impedes the other goals of the automobile insurance law of reduction of litigation and cost control. Although relatively recent, the Metro West rule figures prominently in a cottage industry of litigation, not about medical expenses, but about efforts to charge the fund available from automobile insurance premiums with providers’ commercial collection costs. See Byron V. Hartunian M.D., P.C., supra; Regional Rehabilitation Assocs. Mgt. Corp. v. Pilgrim Ins. Co., 2012 Mass. App. Div. 182, 183-184; Excel Physical Therapy, Inc. v. Enterprise Rent-A-Car Co. of Boston, Inc., 2012 Mass. App. Div. 145; Essex Chiropractic Office v. Amica Mut. Ins. Co., 2012 Mass. App. Div. 51; Essex Chiropractic Office v. Amica Mut. Ins. Co., 2012 Mass. App. Div. 1; Kantorosinski Chiropractic, Inc. v. Plymouth Rock Assur. Corp., 2011 Mass. App. Div. 234; Metro West Med. Assocs., Inc. v. Premier Ins. Co., 2011 Mass. App. Div. 72; *82 Howard Physical Therapy, Inc. v. Premier Ins. Co., 2010 Mass. App. Div. 193; Olympic Physical Therapy v. ELCO Admin. Servs., 2010 Mass. App. Div. 171, 173; Metro West Med. Assocs., Inc. v. Concord Group Ins. Co., 2010 Mass. App. Div. 142.
Summary judgment was properly granted on the claim under G.L.c. 90, §34M.
5. A Fascione payment of the balance claimed by a provider under the PIP coverage “does not insulate an insurer from a G.L.c. 93A claim, as Fascione... itself states.” Byron V. Hartunian M.D., P.C., supra at 209, citing Fascione, supra at 95. “[The insurer’s] burden in moving for summary judgment on a claim under G.L.c. 93A, §11 is not easily met. ‘Whether a given practice is unfair or deceptive under G.L.c. 93A must be determined from the circumstances of each case.’ In the context of these claims, ‘[r]esolution of the basic dispute under the circumstances of [a] case depends upon a factual determination of [the insurer’s] knowledge and intent.’ Intent is, of necessity, a question of fact, and so is rarely amenable to determination on summary judgment” (citations omitted). N.E. Physical Therapy Plus, Inc. v. Commerce Ins. Co., 2009 Mass. App. Div. 223, 225.
While an insurer may properly move for summary judgment on a claim under G.L.c. 93A where a Fascione payment has been made, “[a]mong the questions raised by [the provider’s] allegations are what actions [the insurer] took in evaluating [the provider’s] claims, including whether its investigation of the claims involved a medical record review complying with the requirements of G.L.c. 90, §34M; its reasoning for what it did or failed to do in the course of that investigation and whether the timing of the payments [the insurer] ultimately made was reasonable” (citations omitted). Id.
We have reversed summary judgment in favor of a PIP insurer where the insurer’s employee’s affidavit in support of the motion was “composed almost entirely of the affiant’s • facile and conclusory characterizations of [the insurer’s] claims records,” and gave “no insight into [the insurer’s] strategy for handling [the plaintiff’s] claims,” or its “decision-making process with respect to those claims,” or the “results of any expert review of the claims; or, in fact, into any of the subjective questions on which G.L.c. 93A claims generally rise and fall.” Id. at 226. In this case, however, a detailed affidavit described Norfolk & Dedham’s handling of the claim, the reasons for each step it took and the facts known to it in support of those actions. There is no counter affidavit filed by Barron, rebutting those facts or supporting some inference from them other than good faith on Norfolk & Dedham’s part. Barron’s opposition to summary judgment must be based upon something more than an assertion that a state of mind or intent issue is involved. National Ass’n of Gov’t Employees, Inc. v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979). Summary judgment was properly allowed on the G.L.C. 93A claims as well.
Judgment affirmed.
So ordered.

 Summary judgment for Norfolk & Dedham on count 4 of the complaint alleging a violation of G.L.c. 93 by action constituting restraint of trade and monopoly has not been briefed on appeal and will stand.

 The first sentence of G.L.c. 93A, §9(1), as amended by St. 1979, c. 406, §1, contains two subjects. The Supreme Judicial Court has expressly not ruled on whether a business (such as a medical provider bringing an action under c. 93A for unreasonable delay in paying PIP benefits or making unfair use of the Fascione payment procedure) would be included in the second subject of that sentence, “any person whose rights are affected by another person violating the provisions of [G.L.c. 176D, §3(9), ]” which does not include the limitation of the first subject to a person “other than a person entitled to bring action under section eleven.” See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 14 n.5 (1989); City of Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987).