Swan, EJ.
Kosal Noum (“Noum”) was injured while a passenger in the back seat of a car driven by his sister on September 3,2012, and was treated for his injuries by Flax Pond Chiropractic Care (“Flax Pond”) until January 15,2013. Flax Pond’s bills, totaling $5,585.00, were submitted to the sister’s insurer, Quincy Mutual Insurance Company (“Quincy Mutual”), for personal injury protection (“PIP”) reimbursement. An orthopedic surgeon conducted an independent medical examination (“IME”), ordered by Quincy Mutual, and concluded that Noum had “reached a medical end result” by December 18, 2012. Quincy Mutual paid Flax Pond $5,010.00 for treatment rendered through that date, and declined further payment based on the IME report. Flax Pond commenced suit the following October as an unpaid party for the balance of $575.00, alleging breach of contract and violation of G.L.c. 90, §34M. About three months later, Quincy Mutual tendered to Flax Pond a check for $575.00. Flax Pond rejected the tender.[2] Quincy Mutual moved for summary judgment on the ground that no money was “due and payable” under §34M. Flax Pond has appealed from the allowance of that motion.
The tender of $575.00 that brought the action to a close was, in current parlance, a “Fascione payment,” which received its moniker from the 2001 decision oí Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001), and the effect of which has been subjected to a divergence of interpretation ever since. See, e.g., Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 2013 Mass. App. Div. 76; Metro West Med. Assocs., Inc. v. Amica Mut. Ins. Co., 2010 Mass. App. Div. 136; Essex Chiropractic Office, LLC v. Plymouth Rock Assur. Corp., 2008 Mass. App. Div. 269. The Supreme Judicial Court has now resolved that disparity, holding:
[A]n insurer’s late tender of PIP benefits, made after a claimant has filed suit and which the claimant declines to accept, does not entitle an insurer to summary judgment. To be sure, an insurer may opt to tender payment of outstanding PIP benefits after the filing of a suit, and if a claimant accepts *240 that tender, the action under G.L.c. 90, §34M, will be extinguished. See Fascione, supra at 91. But the mere tender of such late payment will not, in itself, inoculate an insurer against liability for attorney’s fees and costs if the claimant opts to refuse tender and subsequently obtains a judgment for PIP benefits.
Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 810-811 (2014), rev'g, in part, 2013 Mass. App. Div. 76. Such was the situation here — tender by Quincy Mutual, and rejection by Flax Pond. Quincy Mutual was not entitled to summary judgment. The matter must go to trial on the factual issues in dispute that were only touched upon below by affidavit,[3] namely, whether there are due and payable “reasonable” expenses for “necessary” medical treatment provided by Flax Pond for Noum’s injuries. Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 71.
Summary judgment for Quincy Mutual is vacated; the allowance of Quincy Mutual’s summary judgment motion is reversed, and this case is returned to the Lynn District Court for trial.

 The rejection of tender is a fact on which both parties agreed at oral argument.

 In the court below, accompanying Quincy Mutual’s motion for summary judgment was the sworn IME report, and with Flax Pond’s opposition, its chiropractor’s sworn bills and treatment summaries.